UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOUHY & TOUHY, Ltd., a professional corporation,<br><br>              Plaintiff,<br><br>  vs.<br><br>ERIK H. LANGELAND and ERIK H. LANGLAND, P.C. a professional corporation,<br><br>              Defendants. | Case No.  08 CV 2950<br><br>Judge Holderman |

## DEFENDANTS' MOTION TO DISMISS

Defendants, Erik H. Langeland and Erik H. Langland, P.C., by and through their undersigned attorneys, for their Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(7) and 10, state as follows:

1. This matter arises out of allegations filed by Touhy & Touhy, Ltd. against Ryan Stephan and James Zouras and their current firm StephanZouras, LLP in The Circuit Court of Cook County, Illinois in the case captioned *Touhy & Touhy, Ltd. v. Ryan Stephan, et al.*, Case No. 2007 CH 013552 (the "Cook County Action").

2. Specifically, as outlined in Paragraphs 8 through 13 of the Complaint in this action, Touhy & Touhy alleges that Stephan and Zouras were former attorneys with Touhy & Touhy who allegedly "hatched a plan to stay employed with the Touhy firm while they set up their new law firm, using the Touhy firm's resources and confidential data to solicit the Touhy firm's current and prospective clients, all for the benefit of their new law firm, StephanZouras, LLP… [and] secretly solicited and represented clients, purportedly on behalf of the Touhy firm but without the Touhy firm principals' knowledge or authorization." *See* Compl. at ¶11. As specifically, noted in the Complaint these allegations for the basis, *inter alia*, of Touhy & Touhy's claims in the Cook County Action.

3. Although the Complaint is improperly plead under Rule 10(b), Paragraph 5 of the Complaint asserts that "This action is brought against Langland for tortuous conduct performed by Langeland against the plaintiff for conversion, interference with prospective economic advantage, aiding and abetting a breach of fiduciary duty, Langeland's own fiduciary breach of and fraud. Moreover, the Complaint admits that the claims against Erik Langeland are directly related and dependent on the alleged wrongful conduct of Stephan and Zouras as asserted in the Cook County Action. *See* Compl. at ¶13.

4. These causes of action as against Langeland, cannot be determined without the presence of Stephan and Zouras and to do so would be highly prejudicial to Langeland. For example, to find Langeland liable for aiding and abetting Stephan and Zouras' breach of fiduciary duty without first determining whether Stephan and/or Zouras in fact breach any duty would be inequitable. For those reasons, this Court should dismiss Plaintiff's Action pursuant to FRCP 12(b)(7).

5. Furthermore, the Complaint fails under FRCP 10(b). Rule 10 requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence-- and each defense other than a denial--must be stated in a separate count or defense." The Complaint in Paragraph 5 states that the action alleges claims for "conversion, interference with prospective economic advantage, aiding and abetting a breach of fiduciary duty, Langeland's own fiduciary duty and fraud.

6. Defendants incorporate herein the arguments set forth in the Memorandum in Support of Their Motion to Dismiss.

WHEREFORE, Defendants Erik H. Langeland and Erik H. Langeland, P.C. respectfully request that this Court dismiss this action with prejudice pursuant to FRCP 12(b)(7) and, in the alternative, dismiss the Complaint without prejudice pursuant to FRCP 10 and provide any other relief to the Defendants this Court deems necessary.

    Respectfully submitted,

By:     /s/
Attorneys for Defendants
ERIK H. LANGELAND and ERIK H. LANGLAND, P.C.

Kimberly E. Rients Blair
Gordon & Rees LLP
One North Franklin
Suite 1800
Chicago, Illinois  60606
(312) 565-1400

//5731919v.1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TOUHY & TOUHY, Ltd., a professional corporation, | ) ) ) |
| Plaintiff, | ) ) Case No. 08 CV 2950 |
| vs. | ) ) Judge Holderman ) |
| ERIK H. LANGELAND and ERIK H. LANGLAND, P.C. a professional corporation, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendants, Erik H. Langeland and Erik H. Langland, P.C., by and through their undersigned attorneys, for their Memorandum in Support of The Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(7) and 10, state as follows:

**I.    INTRODUCTION**

This matter arises out of allegations filed by Touhy & Touhy, Ltd. against Ryan Stephan and James Zouras and their current firm StephanZouras, LLP in The Circuit Court of Cook County, Illinois in the case captioned *Touhy & Touhy, Ltd. v. Ryan Stephan, et al.*, Case No. 2007 CH 013552 (the "Cook County Action"). Specifically, as outlined in Paragraphs 8 through 13 of the Complaint in this action, Touhy & Touhy alleges that Stephan and Zouras were former attorneys with Touhy & Touhy who allegedly "hatched a plan to stay employed with the Touhy firm while they set up their new law firm, using the Touhy firm's resources and confidential data to solicit the Touhy firm's current and prospective clients, all for the benefit of their new law firm, StephanZouras, LLP… [and] secretly solicited and represented clients, purportedly on behalf of the Touhy firm but without the Touhy firm principals' knowledge or authorization." *See* Compl. at ¶11. As specifically, noted in the Complaint these allegations for the basis, *inter alia*, of Touhy & Touhy's claims in the Cook County Action.

Although the Complaint is improperly plead under Rule 10(b), Paragraph 5 of the Complaint asserts that "This action is brought against Langland for tortuous conduct performed by Langeland against the plaintiff for conversion, interference with prospective economic advantage, aiding and abetting a breach of fiduciary duty, Langeland's own fiduciary breach of and fraud. Moreover, the Complaint admits that the claims against Erik Langeland are directly related and dependent on the alleged wrongful conduct of Stephan and Zouras as asserted in the Cook County Action. *See* Compl. at ¶13. These causes of action as against Langeland, cannot be determined without the presence of Stephan and Zouras and to do so would be highly prejudicial to Langeland. For example, to find Langeland liable for aiding and abetting Stephan and Zouras' breach of fiduciary duty without first determining whether Stephan and/or Zouras in fact breach any duty would be inequitable. For those reasons, this Court should dismiss Plaintiff's Action pursuant to FRCP 12(b)(7).

Furthermore, the Complaint fails under FRCP 10(b). Rule 10 requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense." The Complaint in Paragraph 5 states that the action alleges claims for "conversion, interference with prospective economic advantage, aiding and abetting a breach of fiduciary duty, Langeland's own fiduciary duty and fraud.

## II.  FACTUAL BACKGROUND

The Complaint asserts that on and before may 21, 2007 Stephan and Zouras were employed as attorneys with Touhy & Touhy, Ltd. *See* Compl. at ¶7. Touhy & Touhy allege that Stephan and Zouras decided to stay employed with the Touhy firm while they set up their new law firm using the Touhy firm resources and confidential data to solicit the Touhy firm's current and prospective class action clients for the benefits of their new law firm StephanZouras, LLP. *See* Compl. at ¶11. The Complaint further asserts that while at the Touhy firm Stephan and

Zouras secretly solicited and represented clients, purportedly on behalf of the Touhy firm, but without the Touhy firm principals' knowledge or authorization. *See* Compl. at ¶13. It is also alleged that Stephan and Zouras enlisted Langeland to assist them in their scheme. *See* Compl. at ¶13.

Touhy & Touhy accuses Langeland of becoming involved with respect three clients in the alleged Stephan and Zouras scheme -- Steven Yang, Steven Ferko and Gerald Bouthner. *See* Compl. at ¶¶14-42. With respect to the allegations concerning Steven Yang, it is alleged that Langeland filed an action in New York on behalf of Mr. Yang after being sent the file and/or client contact by Stephan while at Touhy & Touhy. *See* Compl. at ¶¶14-17. Touhy & Touhy admits that Langeland acted as co-counsel in other cases with the Touhy firm. *See* Compl. at ¶18. However, Touhy & Touhy asserts that, despite being sent the file by Stephan at the Touhy firm, Langeland did not have permission of the Touhy & Touhy principals to act on behalf of Touhy & Touhy and did not disclose his involvement in the Yang case to the Touhy firm principals. *See* Compl. at ¶20.

With respect to the allegations concerning Steven Ferko, it is alleged that Langeland, through Stephan and Zouras while at Touhy & Touhy signed an attorney-client agreement with the Touhy firm to represent Ferko and thereby was acting as co-counsel with the Touhy firm. *See* Compl. at ¶24-25. It is alleged that Langeland failed to pay the money in accordance with the agreement by paying funds directly to Stephan and Zouras. *See* Compl. at ¶34.

With respect to the allegations concerning Gerald Bouthner, it is also alleged that Bouthner contacted the Touhy firm and Stephan referred the case to Langeland in New York, who signed a class representative agreement with the Touhy firm and thereby became co-counsel with Touhy. *See* Compl. at ¶35-37. It is alleged that Langeland, despite being referred the case by Stephan, a Touhy lawyer, did not have permission of the Touhy firm principals to represent Bouthner or act on behalf of Touhy & Touhy. *See* Compl. at ¶42.

The Complaint also contains a section entitled "Langeland's participation concerning other fiduciary breaches." In this section of the Complaint, Touhy & Touhy accuses Langeland

of aiding and abetting Stephan and Zouras in their alleged scheme and of acting in combination with Stephan and Zouras in acts of conversion, breach of fiduciary duty and fraud "in furtherance of their agreement to advance their common scheme." *See* Compl. at ¶45. The Complaint also alleges that "Langeland combined with Stephan, or Zouras or both Stephan and Zouras, for the purpose of accomplishing, by concerted action, conversion, breach of fiduciary duty, interference with prospective economic advantage and fraud." *See* Compl. at ¶52.

In short, a review of the entire Complaint reveals that relief cannot be granted in this action until such time as the claims asserted against Stephan and Zouras in the Cook County Action are resolved. In addition, Touhy & Touhy's claims are based on allegations that Langeland conspired and/or combined with Stephan and Zouras to commit certain alleged breaches. It is therefore necessary that the claims against Stephan and Zouras be resolved before and/or in conjunction with the claims asserted against Langeland herein.

### III.   ARGUMENT

#### A.   This Case Should Be Dismissed Pursuant to FRCP 19 for Failure to Join the Indispensable Parties of Stephan and Zouras.

Before dismissing a complaint under Rule 12(b)(7), a district court must determine whether a missing party is necessary within the meaning of FRCP 19. *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 188 (2d Cir.1999). A review of the factual allegations of the Complaint and the allegations of the verified complaints in the Cook County reveal that Stephan and Zouras are indispensable parties under FRCP 19.

Pursuant to FRCP19, a court must conduct a two-step inquiry to determine whether an action must be dismissed for failure to join a necessary and indispensable party. See Fed.R.Civ.P. 12(b)(7); *Assoc. Dry Goods Corp. v. Towers Fin. Corp.*, 920 F.2d 1121, 1123-24 (2d Cir.1990). First, the court must focus on whether the presence of the party to the action is necessary. Specifically, Rule 19(a)(1) provides, in relevant part:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence the court cannot accord complete relief among existing parties,

> or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed.R.Civ.P. 19(a).

If a party is necessary, but joinder would divest the court of jurisdiction, the court must consider whether dismissal is warranted under Rule 19(b), that is, whether the suit can proceed "in equity and good conscience" without the necessary party. See Fed.R.Civ.P. 19(b); *Assoc. Dry Goods, 920 F.2d at 1124*. In determining whether a party is indispensable, a court should consider: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties, (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided, (3) whether a judgment rendered in the person's absence will be adequate, and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Fed.R.Civ.P. 19(b); *see Seneca Nation of Indians v. New York*, 383 F.3d 45, 48 (2d Cir.2004). The party moving for dismissal for failure to join an indispensable party "has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." *Holland v. Fahnestock & Co., Inc.*, 210 F.R.D. 487, 494 (S.D.N.Y.2002) (*quoting Citizen Band Potawatomi Indian Tribe v. Collier*, 17 F.3d 1292, 1293 (10th Cir.1994)).

Touhy & Touhy admits that Stephan and Zouras are integral to the allegations against Langeland. However, they assert Stephan, Zouras and Stephan Zouras, LLP "are not made parties to this action because they cannot be made parties without depriving this court of jurisdiction." *See* Compl. at ¶5. The Complaint also erroneously contend that the "absence of these persons will not prevent the court from providing complete relief nor impair the interest of any named or unnamed party." Quite the contrary, a judgment entered in this action without the presence of Stephan and Zouras and Stephen will be highly prejudicial to Langeland.

While it is impossible to tell the exact causes of action asserted against Langeland, the factual allegations contend at least that: (1) Langeland aided and abetted Stephan and Zouras's breach of fiduciary duty; and (2) Langeland conspired and combined with Stephan and Zouras to convert proceeds and interfere with prospective advantage of the Plaintiff and to commit fraud. A finding, for example, that Langeland aided and abetted Stephan and Zouras's breach of fiduciary duty without a finding that Stephan and Zouras breached a fiduciary duty will be prejudicial. Likewise, a judgment against Langeland for tortuous interference with prospective economic advantage would be prejudicial without the presence of Stephan and Zouras because it has not been established that Stephan and Zouras interfered in any way with their (former) employers business. Moreover, forcing Langeland to defend against allegations of conspiracy and combination without the presence of the alleged co-conspirators would be inequitable. Any judgment without the presence of Stephan and Zouras as defendants will be inadequate.

The Complaint and the exhibits attached make clear that Touhy & Touhy has asserted all necessary allegations against Stephan and Zouras in the Cook County Action that are needed to fully and completely adjudicate claims against Langeland. Moreover, all three of the transactions at issue, Yang, Ferko and Bouthner, are also at issue in the Cook County Complaint. In anticipation of Touhy & Touhy's argument that it will have no adequate remedy if the matter is dismissed, it is worth noting that the Cook County Action has been on file for more than a year and no attempts were made to join Langeland in that action.

Simply put, under FRCP 19 Touhy & Touhy cannot proceed against Langeland in the absence of the necessary and indispensable parties of Stephan and Zouras. The Complaint in Paragraph 5 acknowledges the relevance and necessity of Stephan and Zouras to the resolution of the claim. The prejudice that will be caused to Langeland by forcing him to proceed and defending against claims such as aiding and abetting breach of fiduciary duty with the presence of the parties alleged to have breached that duty far outweighs the Plaintiff's preference for federal court. As such, the matter should be dismissed pursuant to FRCP 12(b)(7) for failure to join necessary and indispensable parties pursuant to FRCP Rule 19(b).

**B.      Pursuant to FRCP 10, The Complaint Is Inadequately Plead And Should Be Dismissed.**

FRCP 10(b) requires that a party "state claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense."

Plaintiff's Complaint is 17 pages long and contains 79 separate paragraphs.  The only paragraph in the Complaint that attempts to advise the Defendants of the causes of action being asserted is Paragraph 5, which states "This action is brought against Langeland for tortuous conduct performed by Langeland against the plaintiff for conversion, interference with prospective economic advantage, aiding and abetting a breach of fiduciary duty, Langeland's own fiduciary breach and fraud." *See* Compl. at ¶5.  However, the Complaint is fraught with allegations of conspiracy by and between Langeland, Zouras and Stephan; however, it is impossible to tell whether the Plaintiff is pursuing any claim under a conspiracy cause of action. In addition, because Stephan and Zouras are not parties to this litigation as discussed above, it is impossible to decipher the alleged breaches fiduciary duty by Stephan and/or Zouras that Langeland allegedly aided and abetted.

The Complaint purports to assert five causes of action against Langeland.  However, because Plaintiff has failed to delineate the different causes of action, it is very difficult, if not impossible, to determine whether Plaintiff has alleged all of the requisite elements of the causes of action it is asserting.  For example, it does not appear that Plaintiff has alleged that the purported breaches of fiduciary duty by Langeland were the proximate cause of damage to Plaintiff.

Because the Plaintiff's complaint lacks any clarity with respect to the causes of action Langeland is to defend against, the Complaint fails to meet the pleading requirements of FRCP

10(b). Therefore, Defendants respectfully request that the Complaint be dismissed for failure to comply with FRCP 10(b).

### III. CONCLUSION

WHEREFORE, Defendants Erik H. Langeland and Erik H. Langeland, P.C. respectfully request that this Court dismiss this action with prejudice pursuant to FRCP 12(b)(7) and, in the alternative, dismiss the Complaint without prejudice pursuant to FRCP 10 and provide any other relief to the Defendants this Court deems necessary.

Respectfully submitted,

By: _____/s/_____
Attorneys for Defendants
ERIK H. LANGELAND and ERIK H. LANGLAND, P.C.

Kimberly E. Rients Blair
Gordon & Rees LLP
One North Franklin
Suite 1800
Chicago, Illinois 60606
(312) 565-1400

//5721111v.1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOUHY & TOUHY, Ltd., a professional corporation, | ) ) ) |
| Plaintiff, | ) ) Case No. 08 CV 2950 |
| vs. | ) ) Judge Holderman |
| ERIK H. LANGELAND and ERIK H. LANGLAND, P.C. a professional corporation, | ) ) ) ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the above and foregoing pleading was served via U.S. Mail on June 11, 2008 to:

E. Steven Yonover
E. Steven Yonover & Associates
161 N. Clark, Suite 2210
Chicago, Illinois 60601

Respectfully submitted,

By: _____/s/_____
Attorneys for Defendants
ERIK H. LANGELAND and ERIK H. LANGLAND, P.C.

Kimberly E. Rients Blair
Gordon & Rees LLP
One North Franklin
Suite 1800
Chicago, Illinois  60606
(312) 565-1400

//5731855v.1