UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOUHY & TOUHY, Ltd., a professional corporation, | )<br>)<br>) |
| Plaintiff, | ) Case No. 08 CV 2950 |
| vs. | ) Judge Holderman |
| ERIK H. LANGELAND and ERIK H. LANGLAND, P.C. a professional corporation, | )<br>)<br>) |
| Defendants. | ) |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendants, Erik H. Langeland and Erik H. Langeland, P.C., by and through their undersigned attorneys, for their Reply in Support of The Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(7) and 12(b)(1), state as follows:

**I.     INTRODUCTION**

Plaintiff's Opposition brief makes clear that it has filed this lawsuit in federal court in an attempt to overcome adverse rulings it has faced in the Cook County litigation against Ryan Stephan and Jim Zouras.[1] It is undisputed that the issues presented by this litigation are identical to the issues presented in the Cook County litigation. The same underlying lawsuits are at issue, the same alleged conversion of the attorneys fees in the Ferko action are at issue, the same alleged communications between Mr. Langeland and Messrs. Stephan and Zouras are at issue. For example, the Affidavit of Timothy Touhy attached as Exhibit 3 to the Plaintiff's Opposition Brief, states that the funds allegedly converted by Mr. Langeland in connection with the Ferko

---

[1] For example, on July 25, 2007, the Touhys have been barred from pursuing any deposition in the Cook County action without leave to Court. On February 15, 2008, Judge Pantle of the Circuit Court of Cook County denied the Touhys Motion for a Preliminary Injunction to the issue with respect to ownership of the LegalMatch account utilized by Stephan and Zouras and were denied a constructive trust as to all case which were generated by Stephan and Zouras by their legal match account. In addition, very recently the ARDC Complaint filed by the Touhys against Messrs. Stephan and Zouras was dismissed by the ARDC.

matter were paid back to the Touhys in the amount of $40,716.16 for "reimbursement of attorney's fees taken by Stephan and Zouras in Ferko." Mr. Touhy swears under oath that the $40,716.16 payment by Messrs. Stephan and Zouras was paid in March 2008. However, despite the reimbursement of funds in March 2008, the Touhys filed the Amended Complaint in this Action filed on June 26, 2008, which continues to accuse Mr. Langeland of converting those identical funds.

Plaintiff's Opposition to the Motion to Dismiss all but admits the issue in controversy – that Ryan Stephan and Jim Zouras are necessary parties to this litigation. Plaintiffs seek leave to amend their complaint, yet again, to join Stephan and Zouras albeit under the faulty notion that this Court would have original jurisdiction over a lawsuit wherein state law claims predominate. Plaintiff attempts to solve its jurisdictional dilemma by concocting a federal claim under the Computer Fraud and Abuse Act against Stephan and Zouras. These issues have already been raised and dismissed in the Cook County litigation. Plaintiff seeks to avoid the unfavorable rulings of the state court, have another bite at the apple, and drag Langeland into its litigation against its former associates.

Curiously, Plaintiff refers to "Langeland's Motion for Joinder." Mr. Langeland has not filed a Motion for Joinder and is not required to do so. Rather, it is the burden of the Plaintiff to join all necessary and indispensable parties to this litigation pursuant to Rule 19 and Plaintiff fails to meet its burden. Plaintiff reiterates that it is proceeding against Mr. Langeland on five separate theories of liability: (1) conversion, (2) interference with prospective economic advantage, (3) aiding and abetting a breach of fiduciary duty, (4) Langeland's own fiduciary breach and (5) fraud. *See* Amended Complaint at Par. 5. Despite the Touhys suggestion to the contrary, it is unfathomable how Messrs. Stephan and Zouras are not indispensable parties to allegations that Mr. Langeland aided and abetted the Messrs. Stephan and Zouras's breach of fiduciary duty. In short, these causes of action as against Langeland, cannot be determined without the presence of Stephan and Zouras and to do so would be highly prejudicial to

Langeland as well as to Stephan and Zouras. For those reasons, this Court should dismiss Plaintiff's Action pursuant to FRCP 12(b)(7).

In addition, Plaintiff's computation of the jurisdictional demand is based on complete conjecture and speculation. Moreover, Plaintiff calculates sums it has already recouped in calculating its version of the jurisdictional requirement. While Plaintiff asserts it has been damaged, the actual damages asserted do not reach the $75,000 jurisdictional demand.

Plaintiff's arguments to this motion run contrary to the oft-perceived purpose behind diversity jurisdiction--namely, to protect out of state defendants from potential prejudices in state courts where the plaintiff is a citizen. In essence, Plaintiff argues that it, as an Illinois citizen, should not have to litigate its case against an out of state defendant in its home state's courts. Instead, it argues that it should be allowed to assert federal claims, already at issue in the Cook County litigation, against Stephan and Zouras so that it can raise the identical legal issues raised in the Cook County litigation against Langeland. This will not only waste judicial resources but also will risk duplicative and inconsistent rulings and may result in this Court overruling decisions of the state court and vice-versa.

## II.   FACTUAL BACKGROUND

Plaintiff asks this Court to analyze the Amended Complaint in a vacuum. Enraged that two of its associates would form their own law firm, Touhy & Touhy sued Stephan and Zouras under any theories that it could think of. Stephan and Zouras, in turn, have counter-sued Touhy & Touhy for breaching contractual obligations to pay them for their services and other causes of action. As noted by the initial Complaint, the exhibits attached to Defendants Motion to Dismiss and the Plaintiff's Opposition, this emotionally charged litigation appears to have no end in sight.

The Cook County Verified Complaint contains a multitude of allegations regarding the three lawsuits at issue in this litigation, namely Yang, Bouthner and Ferko. This litigation seeks to hold Mr. Langeland responsible for the alleged conduct of Stephan and Zouras as set forth in the Cook County Verified Complaint. Specifically, the Cook County Verified Complaint asserts

that Messrs. Stephan and Zouras breached their fiduciary duty to Touhy & Touhy by representing Bouthner without the knowledge or authorization of Touhy & Touhy. However, the Amended Complaint in this litigation seeks to hold Mr. Langeland responsible for the alleged unauthorized representation of Bouthner by Stephan and Zouras without Touhy's knowledge.

Similarly, the Cook County Verified Complaint contains allegations regarding Stephan and Zouras's wrongful conduct in connection with the Mssrs. Stephan and Zouras' alleged unauthorized representation of Ferko. Again, despite the verified allegations against Stephan and Zouras that those employees circumvented the Touhy procedures and committed wrongful acts with respect to the Ferko case, this litigation seeks to hold Mr. Langeland responsible for this representation of Ferko. In addition, as noted above, Touhy & Touhy seeks to recover from Mr. Langeland the attorneys' fees paid by Mr. Langeland to Messrs. Stephan and Zouras despite the fact that Touhy & Touhy recovered those funds from Stephan and Zouras in March 2008.

In short, Plaintiff is seeking to hold Langeland responsible for tortious interference with economic advantage and breach of fiduciary duty based solely on the alleged wrongful acts of Stephan and Zouras in circumventing their employer. It is therefore necessary that the claims against Stephan and Zouras be resolved before the claims asserted against Langeland herein.

## III.   ARGUMENT

### A.   This Case Should Be Dismissed Pursuant to FRCP 19 for Failure to Join the Indispensable Parties of Stephan and Zouras.

Contrary to the arguments set forth in Section V. of Plaintiff's response brief, the question is not "whether Langeland wants them joined," but rather the question is whether Stephan and Zouras are indispensable parties whose joinder is necessary to this litigation. Plaintiffs' brief consistently misrepresents Langeland's motion and the arguments. First, Langeland has not filed a Motion for Joinder. Second, it is not Langeland's position that Stephan and Zouras are joint tortfeasor or indemnitors. Rather, Langeland vigorously asserts he is not a tortfeasor and Touhy & Touhy is improperly seeking to hold him liable for the alleged overt acts

4

and omissions of Stephan and Zouras, which are the basis of the pending Cook County Action. Because Touhy & Touhy's theories and ability to recover against Langeland rest heavily on the acts or omission of Stephan and Zouras, Stephan and Zouras are necessary and indispensable parties to this litigation under Rule 19.

Plaintiff argues that Stephan and Zouras are not indispensable parties because "potential indemnitors have never been considered to be indispensable[.]" Plaintiff cites *Pasco International (London) Ltd. v. Stenograph Corp.*, 637 F.2d 496 (7th Cir. 1980) in support of this proposition. While *Pasco* supports that general proposition, the facts of the case do not lend support to the notion that Stephan and Zouras are simply "potential indemnitors." In *Pasco*, the plaintiff brought claims for breach of contract, interference with contractual relations and interference with prospective economic advantage. *Id.* at 499. The plaintiff sought injunctive and monetary relief. *Id.* at 500.

The district court dismissed plaintiff's complaint on the basis that it failed to join an indispensable party. *Id.* at 499. The district court held that plaintiff's former chief engineer was an indispensable party whose presence destroyed diversity jurisdiction, necessitating dismissal of the complaint. *Id.* The Seventh Circuit reversed, holding that the chief engineer was not indispensable. *Id.* at 506.

The facts of *Pasco* are easily distinguishable. Notably, the plaintiff had not sought to bring any claims against that individual. By contrast, here the Plaintiff has sued not only Stephan and Zouras, but also the Defendant. In part, the alleged basis of Defendant's liability is that he aided and abetted Stephan's and Zouras's breach of fiduciary duty. Unlike in *Pasco*, Stephan and Zouras are not "potential indemnitors," rather their alleged acts or omissions constitute a distinct element of one of the claims against Defendant. Thus, the *Pasco* case does not support Plaintiff's assertion that Stephan and Zouras are dispensable parties.

Furthermore, Plaintiff makes Defendant's case for him when it states that "breaches of fiduciary duty do not give rise to joint and several liability[.]" (Pl.'s Mem. in Opp'n to Mot. to Dismiss Under Rule 19 at 10.) Defendant agrees and because the Amended Complaint, on its

5

face, seeks recovery based on Defendant's alleged "aiding and abetting a breach of fiduciary duty" of Stephan and Zouras, Defendant's liability cannot be determined absent a determination of whether Stephan and/or Zouras breached their fiduciary duties to Plaintiff. (*See, e.g.,* Am. Comp. ¶ 5.) As such, Stephan and Zouras are indispensable to the resolution of this case. Plaintiff's argument that Defendant's claims of prejudice are unfounded is simply incorrect. Langeland would clearly be prejudiced by requiring him to defend his own alleged breach of fiduciary in addition to requiring him to defend the alleged breaches of Stephan and Zouras. Defendant cannot possibility have the same first hand knowledge as Stephan and Zouras regarding their own conduct. Moreover, he does not have access to documents that would tend to negate Stephan's and Zouras's alleged breaches. Therefore, the appropriate remedy in this case is to dismiss the Amended Complaint, requiring Plaintiff to pursue this action in a venue wherein all defendants are properly named.

In addition, it is important to note Plaintiff's apparent misunderstanding regarding the Court's exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The mere existence of a federal question[2] does not mean the Court *must* exercise supplemental jurisdiction. Instead, 28 U.S.C. 1367(c) provides that a district court may decline to exercise supplemental jurisdiction where, for instance, "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction[.]" Defendant submits that the claims against him are exclusively state law claims over which this Court does not have original jurisdiction if no diversity exists. The Amended Complaint amply supports this proposition. Moreover, Stephan and Zouras are, in fact, indispensable parties, for the reasons set forth above.

Furthermore, the Touhy's acquiescence to file federal claims against Stephan and Zouras in this matter is nothing more than an attempt to circumvent their repeated failures to assert those identical claims against Stephan and Zouras in the Cook County Action. Footnote 2 of the Plaintiff's Opposition Brief concedes that the Touhys have attempted to assert these claims

---

[2] It is undisputed that the Amended Complaint's sole basis for jurisdiction in this Court is on the basis of diversity. (*See* Am. Compl. ¶ 1.)

before the Circuit Court of Cook County and have twice been rejected. Thus, the Touhys request to file these federal claim before this Court is nothing more than an attempt to file additional claims against Messrs. Stephan and Zouras, which have previously been disallowed. In essence, the Touhys ask this Court to overrule the state court. In addition, as discussed above, the filing of those claims do not resolve the jurisdictional issues presented here.

### B.    The Damages Allegedly at Issue Fail to Meet the $75,000 Jurisdictional Required Amount.

It is Langeland's position that the Touhy's have not suffered damages in the jurisdictional amount of $75,000. The cases with which Plaintiff takes issue are – *Yang, et al. v. New York Mortgage Company, LLC*, 1:06-CV-14429 in the U.S. District Court in New York; *Bouthner v. Amtrust Mortgage Corp.*, 97 CV 0566 in the U.S. District Court for the Northern District of Georgia; and the Ferko matter. As discussed in detail in Defendants' Memorandum of Law in Support of its Motion to Dismiss, no fees have been paid in the *Yang* matter, the fees at issue in *Ferko* were only $40,716.16, which by admission of Timothy Touhy were repaid to Touhy & Touhy by Stephan & Zouras in the Cook County litigation, and the *Bouthner* matter resulted in a $0 dollar recover.

In response, Plaintiff does not dispute the amounts in issue with respect to the *Bouthner* and *Ferko* matters. Rather, Plaintiff focuses on the *potential* recovery of $337,500 in fees in the *Yang* matter. It is undisputed that no fees have been paid to Erik Langeland or any other class attorney associated with the *Yang* matter. Plaintiff's alleged damage at this point is speculative at best and cannot be the basis for establishing the jurisdictional amount.

Despite the fact that the Amended Complaint no where asserts forfeiture of fees earned and split with the Touhys under express contract for those cases, the Touhys now assert entitlement to a $600,000 forfeiture of attorneys' fees earned by Erik Langeland in connection with other unidentified matters. Without any support, the Touhys apparently claim that Langeland breached any alleged fiduciary duty from the moment he had the misfortune to

7

become involved with the Touhys. This forfeiture of attorneys' fees is now alleged despite affirmative representations by the Plaintiff that "Erik Langeland has acted as co-counsel with our firm or the predecessor of this firm, Touhy & Touhy, Ltd, between 2004 and 2008." *See* Affidavit of Timothy Touhy, Exhibit 3 to Plaintiff's Opposition. This $600,000 amount is unsupported by any accounting. Moreover, at least two of the matters relied on by the Plaintiff *Shabazz* and *Chemi* are cases wherein the Plaintiff admits no attorneys fees yet have been recovered. Again, these cases cannot be the basis for establishing the jurisdictional requirement.

In response to a Rule 12(b)(1) motion, the Plaintiff is required to establish the amount in controversy with competent proof-i.e., "proof to a reasonable probability that jurisdiction exists." *See, e.g., Middle Tenn. News Co. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1081 (7th Cir.2001). Absent a controlling ad damnum clause in a complaint, the plaintiff must show by a preponderance of the evidence that the stakes are at least $75,000. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, (1936) ("[W]here [jurisdictional facts] are not ... challenged, the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of the evidence."); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). Plaintiff has failed to meet its burden.

### III.   CONCLUSION

WHEREFORE, Defendants Erik H. Langeland and Erik H. Langeland, P.C. respectfully request that this Court dismiss this action with prejudice under FRCP 12(b)(7) and FRCP 12(b)(1) and provide any other relief to the Defendants this Court deems necessary.

Respectfully submitted,

By: _____/s/_____
Attorneys for Defendants
ERIK H. LANGELAND and ERIK H. LANGELAND, P.C.

Kimberly E. Rients Blair
Gordon & Rees LLP
One North Franklin
Suite 1800
Chicago, Illinois  60606
(312) 565-1400

ELAN/1047440/5869107v.1

9

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOUHY & TOUHY, Ltd., a professional corporation, | ) ) ) ) |
| Plaintiff, | ) Case No. 08 CV 2950 ) |
| vs. | ) Judge Holderman ) |
| ERIK H. LANGELAND and ERIK H. LANGLAND, P.C. a professional corporation, | ) ) ) ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the above and foregoing pleading was served via electronic mail on August 12, 2008 to:

E. Steven Yonover
E. Steven Yonover & Associates
161 N. Clark, Suite 2210
Chicago, Illinois 60601

Respectfully submitted,

By: _____/s/_____
Attorneys for Defendants
ERIK H. LANGELAND and ERIK H.
LANGELAND, P.C.

Kimberly E. Rients Blair
Gordon & Rees LLP
One North Franklin
Suite 1800
Chicago, Illinois 60606
(312) 565-1400

//5731855v.1