**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **TOUHY & TOUHY, Ltd.,** | ) |
| **a professional corporation,** | ) |
| | ) |
| **Plaintiff,** | ) No.    08 cv 2950 |
| | ) |
| **v.** | ) **Judge Holderman** |
| | ) |
| **ERIK H. LANGELAND and** | ) **Magistrate Judge Ashman** |
| **ERIK H. LANGELAND, P.C.** | ) |
| **a professional corporation,** | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFF'S MOTION FOR DISCLOSURE**
**OR LIMITED DISCOVERY UNDER RULE 12 (b)(1)**

Now comes the plaintiff and moves this Honorable Court to permit limited and expedited discovery to resolve the pending jurisdictional motion under Rule 12(b)(1).  In support thereof, plaintiff states as follows:

**I.      Introduction and relief requested**

This Court cannot be expected to make evidentiary decisions concerning  jurisdiction if it does not have the benefit of competent evidence. We cannot provide the court with this evidence unless we get it from the defendant.

The defendant has moved to dismiss the plaintiff's five count complaint claiming that this Court does not have subject matter jurisdiction.  Defendant's motion rests on two arguments: 1) the amount in controversy does not exceed $75,000; and 2) there are absent parties who are indispensable and whose joinder will destroy diversity jurisdiction.

Both of these contentions are premised upon factual questions which the parties dispute.

1

This court cannot resolve these factual disputes under Rule 12(b)(1) unless it is provided with sufficient evidence to make these judgments.  The plaintiff is prevented from effectively disputing  Langeland's affidavit since Langeland  is in possession of this information, while the plaintiff is not.  Langeland should be required to disclose this information, all of which is within his personal knowledge.

Limited and expedited discovery is warranted in light of the factual disputes raised by defendant.  We do not believe that discovery is necessary if Langeland makes a complete and candid  disclosure of the money he has already received and about to receive and an accurate assessment of the value of these cases.  This information can be determined with a single interrogatory and a document request involving perhaps 20 documents. We have propounded a single interrogatory and a single request for production.  The proposed discovery is attached to this motion. (Exhibits 2 and 3, Interrogatory and Request for Production). Mr. Langeland can certainly answer this interrogatory and provide us with these documents in less than 14 days.  It is unlikely that he would even need to leave his desk  to do so.  His deposition  testimony could also be taken by telephone in less than 20 minutes, if complete disclosure cannot be accomplished by interrogatory and document request.

## II.    Questions Presented

1.  Given that Langeland has possession of the information concerning factual disputes over the amount in controversy, should this Court order Langeland to disclose that information by way of expedited discovery or evidentiary hearing?

2.  Since disputed jurisdictional questions must be resolved by introducing competent proof, should the Court strike Langeland references which are not supported by admissible

evidence?

### III.    Before this Court makes factual findings the parties have a right to obtain and submit admissible evidence on these issues

The defendant seeks dismissal because the "plaintiff has failed to meet its burden, "contending that the amount in controversy in this case does not exceed $75,000.   (Def. Reply, p. 8).  Langeland raises a factual issue by submitting sworn testimony, his own affidavit and nothing else.[1]  When a defendant moves to dismiss for lack of subject matter jurisdiction, discovery of the factual issues implicated by the motion is permissible.  *Skwira v. US*, 344 F.3d 64, 71-72 (1st Cir., 2003).  The court may consider extrinsic evidence, allow discovery and, where necessary, hold evidentiary hearings to find the facts. Id.   Our Court of Appeals is in accord, holding that a party must support its jurisdictional claim with competent proof. *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536 (7th Cir., 2006).  The court, in *Meridian*, approved the use of contention  interrogatories, admissions made in state court, or evidence, in the form of affidavits from the defendant's employees or experts, and the approximate cost to satisfy the plaintiff's demands.  Id.

In cases such as ours, which involve factual or substantive challenges to the court's subject matter jurisdiction (rather than facial challenges), the parties may produce affidavits and other materials to support their positions on subject matter jurisdiction.  In determining these kind of jurisdictional disputes, the trial court is to weigh the evidence before the court and then find the facts, so long as this  fact-finding does not involve the merits of the dispute. *United Phosphorus Ltd v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir., 2003).  The primary reason we

---

[1] Langeland also attached pleadings from litigation involving Stephan and Zouras, but does not explain the relevance of these pleadings to his jurisdictional contentions.

must have some kind of limited discovery in this case is the fact that the court will not presume

that the plaintiff's factual allegations are true.  *Valentin v. Hospital Bella Vista,* 254 F.3d 358,

364 n.3 (1ˢᵗ Cir., 2001).  We are mindful of our obligation to provide the court with competent

proof. But it is Langeland who has this proof, and we must get it from him.

**IV.     Langeland should not be able to submit his affidavit without the plaintiff obtaining
full disclosure on these issues**

Plaintiff alleges that Langeland fraudulently obtained information from the Touhylaw

website  concerning Steven Yang and then filed a class-action complaint on Yang's behalf in

federal court in New York. Langeland does not deny this conduct, but submitted his own

affidavit implying that the Yang case has a value less than the jurisdictional minimum of

$75,000.  We pointed out that the U.S. District Court for the Southern District of New York gave

preliminary approval to pay $337,500.00 in attorney's fees to Langeland only five weeks before

Langeland signed his affidavit which he filed in this case. Langeland's failure to disclose this

salient fact in his affidavit led to a request that Langeland correct his affidavit to reflect these

undisclosed facts.  (Exhibits 1 and 2 attached to plaintiff's response  (Documents 21 and 21-2),

Order of June 2, 2008, *Yang v. NYMC*, No. 06 cv 14429).  Langeland elected not to do so,

arguing in his reply brief that the $337,500 in attorneys' fees the federal court preliminarily

approved in that case, and which money he is scheduled to receive on or about September 20,

2008, is only a "*potential* recovery of $337,500 in fees and the Yang matter." (Def. Reply, p. 7).

In his affidavit, Langeland did not mention a word about *Borowsky v. IBM*, a case that

settled  in March 2008.   We attempted to determine the amount of money that Langeland

received in that case, but were informed by the defense counsel in *Borowsky* that the terms of the

*Borowsky* settlement were not subject to disclosure. (Exhibit 1, affidavit of Daniel K. Touhy and e-mail of defense counsel in *Borowsky*, Matthew Lampe). Langeland knows how much he received - but is not telling. His affidavit is also silent on *Shabazz*, a class-action case which has substantial value. If we were to use the number of plaintiffs involved in the *Yang* settlement as a benchmark, *Shabazz* could involve an attorney's fee recovery in excess of $500,000. Langeland must be forthcoming on this case as well.

### V. The evidence submitted to this court must be admissible before it can be considered

In passing on this jurisdictional issue, this court can only consider admissible evidence. *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 542 (7th Cir., 2006)(contested factual allegations that support the jurisdictional estimate must be established in a hearing under Rule 12(b)(1)by admissible evidence (that's what "competent" proof means)). Arguments made in briefs are not admissible evidence. Unfounded statements made by the defendant in the body of his brief or contained in footnotes are not evidence. Defendants' response brief contains far too many of these arguments to catalog. In any event, most of the Defendants' arguments are inaccurate or just plain wrong.

Foremost among Langeland's inaccuracies are his references to a litigation in which Stephan and Zouras are named defendants. Langeland description of this litigation is not only not relevant, but bears little resemblance to the truth.[2]

---

[2] Langeland does not state - and from what we can tell - does not know that the circuit court has made an unbroken string of rulings concerning those defendants' misconduct:

a. On May 23, 2007 Judge Pantle of the Circuit Court of Cook County entered a temporary restraining order against Stephan and Zouras, which order made factual findings that "*Stephan and Zouras have engaged in a course of conduct in violation of their fiduciary duties owed to the Touhy firm, converted firm property for their own use and benefit, and have otherwise engaged in a scheme to deprive the Touhy firm of its property and client files*" and that "*Stephan and Zouras have engaged in a*

If the defendant claims that any of these arguments are relevant and admissible he should identify them and allow us to ask him about these issues under oath.   If he claims that other legal proceedings somehow support his contentions he must provide competent proof, not second and third-hand unexplained hearsay.  If these unsupported and irrelevant statements are not stricken under Rule 12(f), they should be entirely disregarded.

WHEREFORE, plaintiff requests that this court:

1.  Grant this motion;

2.  Permit plaintiff to issue to defendant the attached document request and interrogatory and order the defendant to respond within 14 days

3.  Set a date for admission of evidence or evidentiary hearing under Rule 12(b)(1);

4.  Grant any other relief that may be proper.

---

*course of conduct in violation of the Computer Fraud and Abuse Act.  18 U.S.C. § 1030 et seq.*".  This temporary restraining order is still in effect, as are the factual findings made by the circuit court, which findings have never been challenged by the defendants. (Exhibit 4, temporary restraining order of May 23, 2007, p. 2);

b.  On February 15, 2008 Judge Pantle ordered Stephan and Zouras to return to the Touhy firm a subscription to LegalMatch.com, a lawyer internet service which was firm property that Stephan had taken. Judge Pantle granted the Touhy firm's request for a turnover order rather than the imposition of a constructive trust by ordering those defendants to return the internet account to the Touhy firm which defendants had wrongfully taken. (Exhibit 5, order of February 14, 2008, p. 7).  The Touhy firm now has its account as a result of this judicial intervention.

c.  On March 10, 2008 Judge Pantle entered an agreed order (signed by Stephan and Zouras) in which Stephan and Zouras agreed to return $67,716.16 to the Touhy firm which they had received as fees from Touhy firm clients. (Exhibit 6, order of March 10, 2008).

Date:   August 14, 2008                    Respectfully submitted,


                                           /s/E. Steven Yonover
                                           E. Steven Yonover
                                           161 North Clark Street
                                           Suite 2210
                                           Chicago, Illinois 60601
                                           (312) 236-9493
                                           (847) 205-0022

                                           Attorney for Plaintiff

# Plaintiff Exhibit 1

Affidavit of Daniel K. Touhy and e-mail of defense counsel in Borowsky, Matthew Lampe

## AFFIDAVIT OF DANIEL K. TOUHY

Daniel K. Touhy, being duly sworn under oath, does hereby state and depose as follows:

1.  On or about July 29, 2008 I contacted Matthew W. Lampe, defense counsel in the case Borowsky v. IBM, by e-mail for the purpose of determining the amount paid to the plaintiffs and plaintiffs' counsel, Erik Langeland, in connection with the settlement of that case, which was settled in March 2008.

2.  I was informed by Mr. Lampe via e-mail that the case was dismissed pursuant to a court-approved settlement, but the amount of the settlement could not be disclosed because of confidentiality considerations.  A copy of Mr. Lampe's e-mail of July 29, 2008 is attached to my affidavit

FURTHER AFFIANT SAYETH NOT.

SUBSCRIBED AND SWORN TO
BEFORE ME THIS 12th DAY OF
AUGUST, 2008.

NOTARY PUBLIC

"OFFICIAL SEAL"
Timothy J. Touhy
Notary Public, State of Illinois
My Commission Exp. 06/09/2010

**Dan Touhy**

| | |
|---|---|
| **From:** | Matthew W. Lampe [mwlampe@JonesDay.com] |
| **Sent:** | Tuesday, July 29, 2008 4:49 PM |
| **To:** | dtouhy@touhylaw.com |
| **Subject:** | Re: Barowsky |

Dan: I can tell you only what is a matter of public record. The case was dismissed back
in March. There were two plaintiffs. A confidential settlement was reached with each.
The Court approved the settlements in the dismissal entry. The case was dismissed with
prejudice. Matt

Matthew W. Lampe
Jones Day
222 East 41st Street
New York, NY 10017
(212) 326-8338
(212) 755-7306 (fax)
mwlampe@jonesday.com
(Admitted in Ohio; not admitted in NY)

# Plaintiff Exhibit 2

Interrogatory

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **TOUHY & TOUHY, Ltd.,** | ) |
| **a professional corporation,** | ) |
| | ) |
| **Plaintiff,** | ) **No.     08 cv 2950** |
| | ) |
| **v.** | ) **Judge Holderman** |
| | ) |
| **ERIK H. LANGELAND and** | ) **Magistrate Judge Ashman** |
| **ERIK H. LANGELAND, P.C.** | ) |
| **a professional corporation,** | ) |
| | ) |
| **Defendants.** | ) |

### PLAINTIFF'S INTERROGATORY TO DEFENDANT

**I. Limited scope of interrogatory.**  The information sought is limited to the following clients, cases and named defendants:  Steven Yang *(Yang et al v. New York Mortgage Company,* No. 1:06-cv-14429) Steven Ferko, Gerald Bouthner *(Bouthner et al v. Amtrust)*; Christopher Chemi (*Chemi v. Champion Mortgage,* No. 2:05-cv-238); Jameel Shabazz (*Shabazz v Morgan Funding*); Marc Borowsky (*Borowsky v. IBM*).

1.  State the amount and date you received or expect to receive attorneys fees in

connection with the cases or clients described in number I, above, and any amounts paid, or

which you may be liable to pay to any other law firm or attorney in connection with any of these

cases or clients.

**ANSWER:**

Date:   August 14, 2008                          Respectfully submitted,


                                                 /s/E. Steven Yonover
                                                 E. Steven Yonover
                                                 161 North Clark Street
                                                 Suite 2210
                                                 Chicago, Illinois 60601
                                                 (312) 236-9493
                                                 (847) 205-0022

                                                 Attorney for Plaintiff

# Plaintiff Exhibit 3

Request for Production

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOUHY & TOUHY, Ltd., <br> a professional corporation, | ) <br> ) <br> ) |
| Plaintiff, | ) No.    08 cv 2950 <br> ) |
| v. | ) Judge Holderman <br> ) |
| ERIK H. LANGELAND and <br> ERIK H. LANGELAND, P.C. <br> a professional corporation, | ) Magistrate Judge Ashman <br> ) <br> ) <br> ) |
| Defendants. | ) |

**PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT**

**I. Limited scope of request.** The documents sought are limited to the following clients, cases and named defendants:  Steven Yang *(Yang et al v. New York Mortgage Company,* No. 1:06-cv-14429) Steven Ferko, Gerald Bouthner *(Bouthner et al v. Amtrust*); Christopher Chemi *(Chemi v. Champion Mortgage*, No. 2:05-cv-238); Jameel Shabazz *(Shabazz v Morgan Funding*); Marc Borowsky *(Borowsky v. IBM*).

    1.  Produce copies of the following:

    A.  Any agreements between Langeland and any other law firm or attorney concerning division of fees involving any of the cases or clients described in I., above, or any other client or case referred to Langeland by the Touhy firm, StephanZouras LLP, Ryan Stephan or James Zouras on or before May 21, 2007;

    B.  Any settlement demands, damage calculations under Federal Rule 26(a)(1)(C) or other similar documents submitted to any court or opposing counsel summarizing or detailing the damages of any of the plaintiffs identified in any of the cases or clients described in I., above.

    C.  Any checks reflecting monies received by Langeland in connection with any of the cases or clients described in I., above, and any monies Langeland paid any other law firm or attorney concerning these cases or clients.

Date:   August 14, 2008                  Respectfully submitted,


                                         /s/E. Steven Yonover
                                         E. Steven Yonover
                                         161 North Clark Street
                                         Suite 2210
                                         Chicago, Illinois 60601
                                         (312) 236-9493
                                         (847) 205-0022

                                         Attorney for Plaintiff

# Plaintiff Exhibit 4

Temporary Restraining Order of May 23, 2007

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| TOUHY & TOUHY, LTD., an Illinois Professional Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 07 CH 13552 |
| RYAN F. STEPHAN, JAMES B. ZOURAS, and STEPHAN & ZOURAS, LLP, an Illinois Limited Liability Partnership, | ) ) ) ) |
| Defendants. | ) ) |

## TEMPORARY RESTRAINING ORDER

Plaintiff, TOUHY & TOUHY, LTD., ("Touhy Firm") an Illinois Professional Corporation, by and through its undersigned attorneys, has filed on May 21st a verified complaint in this action seeking, *inter alia,* injunctive relief against defendants Ryan F. Stephan, ("Stephan") an Illinois licensed attorney, James B. Zouras ("Zouras") an Illinois licensed attorney, and their Illinois Limited Liability Partnership known as Stephan & Zouras, LLP. On May 22, 2007 the Plaintiff brought an Emergency Motion for a Temporary Restraining Order supported by the verified complaint and affidavits. Notice of the Motion was provided to the Defendants through counsel. This action has now been heard upon plaintiff's Motion for a Temporary Restraining Order and issuance of a Preliminary Injunction against the defendants. At the commencement of the hearing, counsel for Touhy & Touhy Ltd. was present along with counsel for the defendants Ryan Stephan, James Zouras and Stephan & Zouras, LLP.

The court having been fully advised in the premises; HEREBY FINDS THAT:

1.    This Court has jurisdiction over the parties and subject matter of this proceeding;

2.     The Court has reviewed the Touhy firm's Verified Complaint for Injunctive and Other Relief and the affidavits submitted in support of the same; the Touhy firm has presented a *prima facia* case to establish, and there is a reasonable basis to believe and conclude in fact and law that:

(A)     On or before May 21, 2007, Defendants Stephan and Zouras were attorneys licensed to practice law in the state of Illinois and were employed with the law firm of Touhy & Touhy, Ltd.;

(B)     While employed with the Touhy Firm the defendants formed a competing law firm known as Stephan & Zouras, L.L.P. with offices in Chicago, Illinois;

(C )     Stephan and Zouras have engaged in a course of conduct in violation of their fiduciary duties owed to the Touhy firm, converted firm property for their own use and benefit, and have otherwise engaged in a scheme to deprive the Touhy firm of its property and client files;

(D)     Stephan and Zouras have engaged in a course of conduct in violation of the Computer Fraud and Abuse Act. 18 U.S.C. §1030 *et. seq.* ;

(E)     Stephan and Zouras have been, and possess and are using client files and information from the Touhy firm without its consent, or the consent of the Touhy firm clients:

(F)     Stephan and Zouras have been, and are engaged in a course of conduct that will result in the disposal, waste, use and concealment of Touhy Firm property;

(G)     Stephan and Zouras have been and are soliciting Touhy firm clients without the consent of the Touhy firm and are using property taken from the Touhy firm to do so and otherwise interfering with the Touhy Firm client relationships;

3.    Plaintiff has no adequate remedy at law. If this Temporary Restraining Order is not granted, plaintiff will be irreparably injured by the conduct of the defendants in failing to comply with applicable Illinois law, failing to return or to deliver Touhy firm assets, misappropriating Touhy client files and Touhy Firm financial information, and concealment or dilution of the defendants' assets.

4.    Such threatened injury to plaintiff outweighs any harm the Temporary Restraining Order may have on the defendants. If plaintiff does not prevail on its motion for preliminary injunction, defendants will have suffered little, if any, harm.

5.    For the reasons stated in Finding 2, plaintiff has demonstrated more than a likelihood of success on the merits of this action.

6.    There is no basis for considering that the granting of these Orders will disserve the public interest.

IT IS HEREBY ORDERED THAT:

1.    The defendants and each of them, their agents, officers, and employees, and all persons acting in concert or participation with any or all of the foregoing who receive actual notice of this Temporary Restraining Order by personal service or otherwise, are enjoined and restrained and ordered to cease and desist from:

> (A)    Using or possessing assets belonging to Touhy & Touhy Ltd., including but not limited to, physical assets, client files and data included therein, accounts receivable and payable information of the firm, telephone numbers, passwords, or anything else belonging to the Touhy firm;
>
> (B)    Unauthorized access to or alteration of any computers, voice mail systems, data streams, or any property of the Touhy firm;

3

(C)    Using or continuing to use Touhy firm data, property or client files and information;

(D)    Any representation that they are currently affiliated with the Touhy firm, including, the use of the Touhy firm name in any court filings or communications with clients of the Touhy firm;

(E)    The wasting or spoilation of physical assets belonging to the Touhy firm, this includes, but is not limited to, all the property that was formerly in the Touhy Firm in whatever form whether paper or electronic;

(F)    Using, destroying, altering, directly or indirectly, any books, records of the Touhy firm, including client information.  That includes paper documents and electronic information and any such information that resides in computers whether those computers belong to the Touhy firm or not, that information is to be preserved, not deleted, altered, or removed in any way;

(G)    From otherwise disposing, transferring or destroying property and information taken from the Touhy Firm *without Order of COURT;*

(H)    Withdrawing, transferring, or disposing of any Touhy assets.  Transfer of assets as used in this sense is to be given the broadest possible meaning as used under the United States Bankruptcy Code, including, encumbering assets whether real, personal or mixed; and


IT IS HEREBY FURTHER ORDERED THAT: this order is entered as of May *23*, 2007 at *11 54/* a.m. central standard time.

4

IT IS HEREBY FURTHER ORDERED THAT:

The Court having considered the Verified Complaint for Injunctive and Other Relief and Motion for Temporary Restraining Order and Preliminary Injunction, and the representation of plaintiff's counsel, having considered the issuance of a bond, finds that no bond need be required of plaintiff pending a hearing on its Motion for Preliminary Injunction.

This Temporary Restraining Order will be effective until ~~May ___, 2007 at ___ p.m., and no longer~~, *hearing on Preliminary Injunction* without further notice of this Court. This case is set for a further status hearing on ~~May.~~ *June* _11_, 2007 at _10:00_ *a.m.* Presentation of the Preliminary Injunction is set for *June 18* 2007 at _1:30_ *p.m.* at the Circuit Court of Cook County in the Richard J. Daley Center Chicago, Illinois.

ENTERED:

_____
Circuit Court of Cook County Judge

Dated: _____

Time: _____

# Plaintiff Exhibit 5

Order of February 15, 2008

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COUNTY DEPARTMENT—CHANCERY DIVISION

| | | |
|---|---|---|
| TOUHY & TOUHY, LTD., an Illinois | ) | |
| Professional Corporation, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 07 CH 13552 |
| | ) | Hon. Kathleen M. Pantle |
| RYAN F. STEPHAN, JAMES B. | ) | |
| ZOURAS, and STEPHAN ZOURAS, | ) | |
| LLP, an Illinois Limited Liability | ) | |
| Partnership, | ) | |
| | ) | |
| Defendants. | ) | |
| RYAN F. STEPHAN, JAMES B. | ) | |
| ZOURAS, and STEPHAN ZOURAS | ) | |
| LLP, | ) | |
| Counter-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOUHY & TOUHY, LTD., an | ) | |
| Illinois Professional Corporation, | ) | |
| TIMOTHY J. TOUHY, and DANIEL K. | ) | |
| TOUHY, Individually, | ) | |
| Counter-Defendants | ) | |

**ORDER**

This matter comes to be heard on Plaintiff's motion for a rule to show cause and for preliminary injunction to issue with respect to the ownership of a LegalMatch account. The main issue to be resolved by the Court concerns who owns the LegalMatch account.

Ryan Stephan is an attorney licensed to practice law in the State of Illinois. During the relevant time period, March, 2006 to May 21, 2007, he was employed as a lawyer in the law firm of the Plaintiff, Touhy & Touhy, Ltd. At some point prior to March 2006, Mr. Stephan had learned of a legal referral service known as LegalMatch. Mr. Stephan approached Daniel K. Touhy about opening an account with LegalMatch and Mr. Touhy delegated Mr. Stephan to check into the service and to open an account. LegalMatch does not enter into contracts with law firms, only individual attorneys. The attorneys are allowed to post information on their web pages with LegalMatch advising prospective clients of their affiliations with their law firms. Mr. Stephan signed a contract with LegalMatch and paid the fees with his own credit card. LegalMatch posted Mr. Stephan's photograph and biography on the web site. The web site contained contact information for Mr. Stephan, including his email address at the Touhy & Touhy law firm. Mr. Stephan's affiliation with Touhy & Touhy was also included on the web site. Mr. Stephan had the password necessary to access the LegalMatch account.

Mr. Stephan was reimbursed for the fees he expended by Touhy & Touhy. Clients generated through LegalMatch were Touhy & Touhy clients. Touhy and Touhy paid all costs, expenses, and legal malpractice costs associated with the cases obtained through LegalMatch. Mr. Stephan used Touhy & Touhy paperwork e.g., client investigation reports, when a potential client was interested in hiring Touhy & Touhy.

2

When Mr. Stephan was terminated on May 21, 2007, the LegalMatch account was essentially taken by him to his new firm as he was the only one who possessed the password necessary to access the account. Plaintiff contends that he violated this Court's Temporary Restraining Order which required Mr. Stephan to return Touhy & Touhy property to them. Plaintiff seeks a finding that Touhy & Touhy is the owner of the LegalMatch account and also seeks the imposition of a constructive trust on all cases which have been generated by the LegalMatch account from May 22, 2007 through the present.

There is no doubt that Mr. Stephan signed the contract and that he has title to the account. However, the inquiry is not complete as the key elements of ownership are control and the right to enjoy the benefits of the property. *People of the State of Illinois v. Chicago Title and Trust Co.,* 75 Ill.2d 479, 489 (1979). In this matter, Mr. Stephan was an employee of Touhy and Touhy, and therefore their agent. As a lawyer employed by the law firm, he owed a fiduciary duty to the firm and could not have been soliciting clients for his own benefit as such solicitation would have constituted a breach of the fiduciary duty which he owed Touhy & Touhy. *Dowd & Dowd, Ltd. V. Gleason,* 181 Ill.2d 460, 475 (1998). Not only did Touhy & Touhy receive the benefits of the LegalMatch account, the firm was the intended beneficiary of the account. Though Mr. Stephan received bonuses when bringing new clients to the firm through LegalMatch, he still remained an employee of Touhy & Touhy.

Further, Touhy & Touhy ultimately had control of the account even though Mr. Stephan controlled the access to the account through the use of a password. Clients generated through LegalMatch were clients of Touhy & Touhy, not of Mr. Stephan. Though Mr. Stephan kept the password secret from his employer, he had no right to withhold this information from his employer.

3

Touhy & Touhy therefore is the rightful owner of the LegalMatch account.

Originally, this matter was brought to the Court's attention by a Rule to Show Cause. Plaintiff has not indicated whether this proceeding is civil or criminal. The Court assumes this is a civil proceeding as it is inappropriate to ask the non-movant in a criminal contempt proceeding to "show cause why he should not be held in contempt" as that request constitutes burden-shifting. *The City of Quincy v. Weinberg*, 363 Ill.App.3d 654, 663 (2006)

"Civil contempt is 'designed to compel future compliance with a court order' and is 'avoidable through obedience.'" *Emery v. Northeast Illinois Regional Transportation Company*, 374 Ill.App.3d 974, 977 (2007) quoting *In re: Marriage of Sharp*, 369 Ill.App.3d 271, 279 (2006). In this matter, the issue of the ownership of the LegalMatch account was not raised by the Plaintiff until July 12, 2007 when the Petition for a Rule to Show Cause was filed. The issue of the ownership of the LegalMatch account was not specifically the subject of the TRO proceedings or Order. Mr. Stephan was not put on notice that Plaintiff was contending that the LegalMatch account was their property prior to the entry of the TRO. Before an individual may be held in civil contempt, he must have violated an order that sets forth in specific detail an unequivocal command from the court. *United States v. Dowell*, 257 F.3d 694 699 (7th Cir. 2001). The Temporary Restraining Order did not set forth in specific detail language which would have led Mr. Stephan to conclude that the LegalMatch account was included in the Order. Further, the Court finds the existence of a *bona fide* dispute between the parties as to the ownership of the LegalMatch account. This Court cannot therefore conclude that Mr. Stephan violated the TRO.

4

Plaintiff has requested that this Court order the turn-over of the LegalMatch account to Touhy & Touhy. As this Court has ruled that Touhy & Touhy is the rightful owner of the account, the Court will order the turn-over of the account to Plaintiff.

Plaintiff seeks the imposition of a constructive trust on the LegalMatch account, including the period of time after which Mr. Stephan was terminated. "A constructive trust is generally imposed in two situations: (1) where actual or constructive fraud is considered as equitable grounds for raising that trust; and (2) where a fiduciary duty exists and there is a subsequent breach of that duty. It is a restitutionary remedy designed to restore to a plaintiff property of which he has been unjustly deprived and to take from the defendant property which, inequitable for that party to retain possession of the property. The sole duty of the constructive trustee is to transfer title and possession of the wrongfully acquired property to the beneficiary." *Pottinger v. Pottinger*, 238 Ill.App.3d 908, 915-16 (1992) (internal citations omitted).

In this matter, Plaintiff seeks not only the account and the password but also the imposition of a constructive trust on all clients Defendants claim came through this LegalMatch account from May 22, 2007 through February 1, 2008 and has asked for a client list. Though the Court has already ordered the turn-over of the LegalMatch account, it will not order the imposition of a constructive trust on the client data Plaintiff seeks after May 22, 2007.

First, as stated above, the imposition of a constructive trust requires a finding that Mr. Stephan breached a fiduciary duty to Plaintiff or in a case of fraud. There is no evidence that Mr. Stephan committed a fraud upon Plaintiff which would justify such a request. Plaintiff has not proven that Mr. Stephan committed fraud by taking the LegalMatch account with him when he left Touhy & Touhy. Moreover, there is no evidence that, after May 22, 2007, Mr. Stephan's web

5

profile included information which would have misled prospective clients to believe that he was still employed by Plaintiff or that their cases would be handled by the Touhy & Touhy law firm. Further, as stated above, though the Court did find that Plaintiff is the rightful owner, the Court believes that a *bona fide* dispute existed between the parties.

Mr. Stephan did not breach any fiduciary duties by merely opening the LegalMatch account. Though Mr. Stephan may have breached a fiduciary duty if he solicited clients while employed by Touhy & Touhy, this breach does not entitle Plaintiff to gain access or control over clients of Defendants which were generated after Defendants left Plaintiff's employ nor does it entitle Plaintiff to information about those clients. Once Mr. Stephan was terminated from Touhy & Touhy, any clients who hired Mr. Stephan were his clients, not the clients of Touhy & Touhy.

Further, as the Court has previously indicated in prior proceedings in this case, the remedy for a breach of fiduciary duty in a case involving lawyers does not involve the transfer of clients from one attorney to the other. Clients have the ultimate right to choose their counsel, and the Court has no power over clients to order them to employ or consult with a particular attorney.

Moreover, the clients themselves and data related to the clients are not "property" within the meaning of the case law which addresses constructive trusts. The property at issue is the account, not the clients.

Finally, there are serious ethical and professional concerns which could arise should the Court grant Plaintiff's request. Clients obtained through the LegalMatch account hired Mr. Stephan or Stephan & Zouras, not Touhy & Touhy, and have presumably conveyed confidential and private information to Defendants. Touhy & Touhy has no right to gain access to any of this

6

information nor does the Court possess the power to order the clients to waive the protections of the attorney-client privilege or to consult with attorneys from Touhy & Touhy.

The Petition for a Rule to Show Cause is denied.

The Motion for a Turn-Over Order is granted.

The request for the imposition of a constructive trust is denied.

**DATE:**

_____

**Kathleen M. Pantle**

ENTERED
JUDGE KATHLEEN M. PANTLE - 1778
FEB 15 2008
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

7

# Plaintiff Exhibit 6

Order of March 10, 2008

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| TOUHY & TOUHY, LTD., an Illinois | ) |
| Professional Corporation, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| RYAN F. STEPHAN, JAMES B. ZOURAS, | ) |
| and STEPHAN ZOURAS, LLP, an | ) |
| Illinois Limited Liability Partnership. | ) |
| | ) No. 07 CH 13552 |
| Defendants. | ) |
| | ) |
| | ) |
| RYAN F. STEPHAN, JAMES B. ZOURAS | ) |
| and STEPHAN ZOURAS LLP, | ) |
| Counter-Plaintiffs | ) |
| v. | ) |
| | ) |
| TOUHY & TOUHY LTD., an Illinois | ) |
| Professional Corporation, TIMOTHY J. | ) |
| TOUHY and DANIEL K. TOUHY, | ) |
| Individually | ) |
| Counter-Defendants | ) |

## AGREED ORDER
### (1 of 2 pages)

This cause, coming on to be heard on plaintiff's petition for 1) turnover order and 2) for rule to show cause, due notice having been given, the Court being fully advised in the Premises, and the parties being in agreement:

1) Defendants Stephan and Zouras shall forthwith turnover to plaintiffs the $40,716.16, currently held by their counsel, Esposito and Staubus, in escrow, which defendants Stephan and Zouras received as fees in the representation of SF (actual names of persons or entities provided to counsel under separate email).

2) Defendants Stephan and Zouras shall forthwith turnover to plaintiffs the $27,000, currently held by their counsel, Esposito and Staubus, in escrow, which defendants Stephan and Zouras received as fees in the representation of JS (actual names of clients of persons or entities provided to counsel under separate email).

3) The turnover of the monies referenced in paragraphs 1 and 2 *supra* is not an admission of any liability or wrongdoing and the Defendants Stephan and Zouras are not waiving any defenses or claims they may have related to the funds.

4) That portion of plaintiff's present petition, which prays that Stephan and Zouras show cause why they should not be held in contempt of court with respect to the monies defendants Stephan and Zouras received from the aforementioned two matters, is entered and continued to be tried at the same time this case is tried on its merits.


_____              _____
Timothy J. Touhy                            Ryan Stephan
On behalf of Touhy & Touhy, Ltd.


_____
James Zouras


ENTERED:

ENTERED
JUDGE KATHLEEN M. PANTLE - 1775

MAR 10 2008

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK


Robert Orman
One North LaSalle Street
Suite 1775
Chicago, IL 60602
(312) 372-0515
Atty. No. 22696