**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| TOUHY & TOUHY, LTD., a professional corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.  08 CV 2950 |
| vs. | ) ) | Judge Holderman |
| ERIK H. LANGELAND and ERIK H. LANGLAND, P.C. a professional corporation, | ) ) ) ) | |
| Defendants. | ) | |

**OPPOSITION TO PLAINTIFF'S MOTION**
**FOR DISCLOSURE OF LIMITED DISCOVERY**

Defendants, Erik H. Langeland and Erik H. Langland, P.C., by and through their undersigned attorneys, for their Opposition to Plaintiff's Motion for Disclosure of Limited Discovery under Rule 12(b)(1), state as follows:

**I.    INTRODUCTION**

As explained herein, Plaintiff's Motion for Disclosure of Limited Discovery should be denied by the Court.  Initially, Plaintiff have been provided with sufficient information regarding the *Ferko*, *Bouthner*, *Yang*, *Shabazz*, and *Barowksy* matters to determine if the jurisdictional amount can be met.  Next, Plaintiff's motion appears to be an attempt to circumvent Judge Pantel's orders limiting third party discovery in the underlying Cook County action against StephanZouras LLP.  Third, Plaintiff's discovery requests are improper, overly broad and well outside the limited context of discovery contemplated under Rule 12(b)(1).  Specifically, Plaintiff seeks privileged information including attorney-client communications and confidential settlement amounts in cases where Plaintiff does not serve as co-counsel or otherwise maintain an existing relationship with the client(s).  Finally, Defendants should not be forced to respond to Plaintiff's discovery requests when Plaintiff refuses to address the indispensable party issue surrounding Stephan and Zouras.

II.    **ARGUMENT**

    A.    **Defendant Langeland Has Provided Relevant Information To Plaintiff Necessary To Determine The Jurisdictional Amount**

Plaintiff has been provided with sufficient information to determine the jurisdictional amount in this litigation.  On September 13, 2007, Timothy Touhy contacted Defendant Langeland via email demanding that Langeland voluntarily produce extensive documents and information alleged related to Plaintiff's litigation against StephanZouras LLP.  [True and correct copies of the September 13, 2007 email, the draft Covenant Not To Sue, and draft Hold Harmless Agreement sent by Tim Touhy to Erik Langeland are attached hereto as Exhibit A.] On September 14, 2007, Defendant Langeland provided Plaintiff with a draft declaration addressing payment of attorneys fees in the *Ferko* matter and confirming that there was no co-counsel agreement with StephanZouras in the *Yang*, *Shabazz* or *Barowsky* matters.  [A true and correct copy of Erik Langeland's September 14, 2007 email and draft declaration are attached hereto as Exhibit B.]  Further, Defendants recently reiterated to Plaintiff that no co-counsel agreement exists with Stephan, Zouras or StephanZouras LLP in the *Yang*, *Shabazz* or*Barowsky* matters, and that no portion of any settlement or fee award in the *Yang*, *Shabazz* or *Barowsky* matters will be paid to Stephan, Zouras, StephanZouras LLP.  [A true and correct copy of Defendants' counsel's September 5, 2008 letter to Plaintiff's counsel is attached hereto as Exhibit C.]

In addition to the above, Defendants have provided relevant information to Plaintiffs regarding the settlements in the *Bouthner* and *Ferko* cases.  In this connection, and as established by the affidavit of Erik Langeland attached as Exhibit A to the Renewed Motion to Dismiss, the *Bouthner* case resulted in the recovery of $0; therefore, there can be no recovery for the Touhy firm with respect to the *Bouthner* case.  Further, by agreement of the parties in the Cook County

Action, Stephan and Zouras have paid over to Plaintiff the $40,716.16 that was paid to them individually in the *Ferko* settlement. Accordingly, Plaintiff has no damages in the *Ferko* matter.

Based upon the above, Plaintiff is prosecuting a case against Defendants without any evidence of damages and with no hope of establishing the jurisdictional amount of $75,000. Therefore, the subject motion for limited discovery appears to be little more than a last gasp effort by Plaintiff to attempt to secure discovery from Langeland prior to the dismissal of the litigation.

**B.     Plaintiff's Motion Skirts Judge Pantel's Orders Against Third Party Discovery**

This litigation, and Plaintiff's Motion for Disclosure of Limited Discovery, should not be analyzed in a vacuum. As the Court is aware, Plaintiff is engaged in heated litigation against Ryan Stephan and James Zouras, former attorneys of Touhy & Touhy, and their current firm StephanZouras, LLP in The Circuit Court of Cook County, Illinois in the case captioned *Touhy & Touhy, Ltd. v. Ryan Stephan, et al.*, Case No. 2007 CH 013552 (the "Cook County Action"). Of relevance to the subject motion, Plaintiff's ability to issue third party discovery was limited by Judge Pantel in the Cook County Action in July 2007.[1] Defendants maintain that the subject motion is exactly the type of unwarranted fishing expedition by Plaintiff that Judge Pantel hoped to prevent. Further, as noted above, this motion follows Plaintiff's unsuccessful attempt in September 2007 to secure documents and information from Defendants. Such conduct by Plaintiffs is disingenuous and in bad faith. Accordingly, Defendants respectfully request that the Court deny Plaintiff's Motion for Limited Discovery.

---

[1] Judge Pantel's orders of July 20, 2007 and July 25, 2007 were attached as Exhibit E to Defendants' Renewed Motion to Dismiss.

C.    **Plaintiff Seeks Confidential And Privileged Information**

In Plaintiff's motion and subsequent meet and confer letter dated August 26, 2008, Plaintiff seeks bank records, information regarding confidential settlements, and the identity of cases and clients in which Defendants have a referral or fee agreement.  [A true and correct copy of Plaintiff's counsel's August 26, 2008 meet and confer letter is attached hereto as Exhibit D.] As noted to Plaintiff, Defendant Langeland cannot voluntarily provide this information without breaching ethical duties to his clients and/or contractual provisions with co-counsel or opposing parties.  In fact, Exhibit 1 to Plaintiff's motion supports Defendants' position in this regard.

D.    **Plaintiff's Discovery Requests Seek Information Irrelevant To The Issues In This Litigation**

In addition to seeking privileged and confidential information, Plaintiff's discovery seeks information and documentation not reasonably calculated to lead to the discovery of admissible evidence.  Although Defendants' relationship with Plaintiff involves a limited number of co-counsel agreements on certain matters, Plaintiff's "limited" discovery includes a request that Defendant Langeland "identify the cases and clients in which he has referral or fee agreements with Stephan and Zouras or other attorneys."  Such a request includes information wholly irrelevant to any dispute with Plaintiff and not reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, Defendants respectfully request that the Court deny Plaintiff's Motion for Limited Discovery.

E.    **Plaintiff's Discovery Requests Fail To Address Stephan And Zouras As Indispensable Parties**

Finally, Defendant notes that Plaintiff's discovery requests fail to address Stephan and Zouras as indispensable parties to the litigation.  Fairness dictates that Defendants should not be forced to respond to Plaintiff's discovery requests when Plaintiff refuses to address the indispensable party issue.

III.    **CONCLUSION**

WHEREFORE, Defendants Erik H. Langeland and Erik H. Langeland, P.C. respectfully request that this Court deny Plaintiffs' Motion for Limited Discovery under Rule 12(b)(1) and provide any other relief to the Defendants this Court deems necessary.

Respectfully submitted,

By:  /s/ Kimberly E. Rients Blair
Attorneys for Defendants
ERIK H. LANGELAND and ERIK H.
LANGLAND, P.C.

Kimberly E. Rients Blair
Gordon & Rees LLP
One North Franklin
Suite 1800
Chicago, Illinois  60606
(312) 565-1400

**EXHIBIT A**

-----Original Message-----
From: Timothy J. Touhy [mailto:ttouhy@touhylaw.com]
Sent: Thursday, September 13, 2007 5:19 PM
To: Erik Langeland
Subject: covenant

Erik,

Here's the covenant in word format.

Timothy J. Touhy
Touhy & Touhy, Ltd.
Attorneys at Law
161 N. Clark Street
Suite 2210
Chicago, Illinois 60601
312.372.2209 ext 222
Fax 312.456.3838
TTOUHY@TouhyLaw.COM

**COVENANT NOT TO SUE**

Timothy J. Touhy, Daniel K. Touhy, individually and as authorized representatives of Touhy & Touhy, Ltd. and Touhy & Touhy, Ltd. for good and valuable consideration, hereby fully and agree and covenant not to sue, institute or cause any action to be brought against, and shall hold harmless  Erik Langeland, P.C. Erik Langeland or Erik Langeland, P.C. whether in contract, tort, contribution, indemnity or otherwise, whether for injuries to person, property, or losses, or damages of any kind including legal expenses and fees incurred by anyone, and whether for injuries to person, property, or losses or damages of any kind presently existing any claims arising out of a matter involving Steven Ferko.

Timothy J. Touhy, Daniel K. Touhy, individually and as authorized representatives of Touhy & Touhy, Ltd. and Touhy & Touhy, Ltd. acknowledge and warrant that no actions will be brought against Erik Langeland or Erik Langeland, P.C. for any claims involving any other case or client disclosed to Touhy & Touhy, Ltd. by Erik Langeland and Erik Langeland, P.C. in accordance with paragraph 6 of this agreement.  Complete disclosure by Langeland shall operate as a covenant not to sue as to that case or client.  This covenant shall not apply to or affect any cases in the past, present or future in which Timothy J. Touhy, Daniel K. Touhy, individually and as authorized representatives of Touhy & Touhy, Ltd. and Touhy & Touhy, Ltd. and Erik Langeland, P.C. Erik Langeland or Erik Langeland, P.C. are co-counsel, have referred to each other or in which Touhy and Langeland have appeared for the client. The parties have agreed upon the following:

RECITALS

1.  Based on the facts known to the parties, Erik Langeland is aware that Ryan F. Stephan has received $21,250 from Erik Langeland as fees on the Steven Ferko case which funds were disbursed to Ryan Stephan from Erik Langeland's trust account.

2.  Based on the facts known to the parties, Erik Langeland is aware that  James Zouras has received $21,250 from Erik Langeland as fees on the Steven Ferko case which funds were disbursed to  James B. Zouras  from Erik Langeland's trust account.

3.  The parties agree that Erik Langeland was not involved in any misconduct in connection with the Ferko case.  Erik Langeland has not been involved nor does he have knowledge of any other attorneys' fees or monies given to, or received by, Ryan Stephan or James Zouras other than attorneys' fees which were actually received or disbursed by Daniel K. Touhy or Timothy J. Touhy on behalf of Touhy & Touhy, Ltd.

4.  Erik Langeland agrees he will fully and truthfully disclose in writing and by production of documents all e-mails, email attachments, referral contracts, settlement contracts, checks, disbursement statements or other similar documents regarding the referral of clients, cases and division of attorneys' fees with Ryan F. Stephan or James B. Zouras from 2005 to present.  This provision does not require disclosure of any agreement, contract, check or document which Daniel K. Touhy or Timothy J. Touhy signed or sent on behalf of Touhy & Touhy, Ltd.

5.  Erik Langeland shall produce immediately the originals and copies of all checks and drafts received from any entity concerning the Steve Ferko recovery together with all checks and issued to Ryan Stephan and James Zouras by Langeland or any other

person relative to the Steve Ferko recovery.  Langeland shall also produce immediately

any cover letter or correspondence to or from Ryan Stephan and James Zouras to or from

Langeland relative to the Steve Ferko recovery.  It shall be sufficient for Langeland to fax

or email copies of these documents to Timothy J. Touhy and provide the originals under

separate cover.

6.  Erik Langeland shall produce the originals and copies of all e-mails, email

attachments, referral contracts, settlement contracts, checks, disbursement statements or

other similar documents regarding the referral of clients, cases and division of attorneys'

fees with Ryan F. Stephan or James B. Zouras from 2005 to present.  Complete

disclosure by Langeland shall operate as a covenant not to sue as to that case or client.  In

consideration of Langeland's disclosure and production of documents, Timothy J. Touhy,

Daniel K. Touhy, individually and as authorized representatives of Touhy & Touhy, Ltd.

and Touhy & Touhy, Ltd. agree and covenant not to sue, institute or cause any action to

be brought against and shall hold harmless Erik Langeland, P.C. Erik Langeland or Erik

Langeland, P.C. that from all other causes of action and claims which may arise from

Langeland's disclosure of information and documents.  The disclosure shall be made in

substantially the form on the attached disclosure form.

7.  This agreement shall, at the option of  Touhy & Touhy, Ltd. be null and void if

Langeland, Stephan or Zouras have received attorneys' fees other than those received in

connection with the Steve Ferko recovery.

8.  This letter embodies the entirety of the agreement between the parties and is

entirely voluntary and represents the entire agreement between the parties.  Parties

acknowledge they have read this agreement and carefully reviewed each provision.  The

parties further acknowledge that they understand and voluntarily accept each and every

term and condition of this agreement.


_____     Dated:


_____     Dated:


_____     Dated:

-----Original Message-----
From: Timothy J. Touhy [mailto:ttouhy@touhylaw.com]
Sent: Thursday, September 13, 2007 5:36 PM
To: Erik Langeland
Subject: hold harmless

Erik,
Here is the hold harmless form.   Production of these documents will put all
of these behind us.

Timothy J. Touhy
Touhy & Touhy, Ltd.
Attorneys at Law
161 N. Clark Street
Suite 2210
Chicago, Illinois 60601
312.372.2209 ext 222
Fax 312.456.3838
TTOUHY@TouhyLaw.COM

## COVENANT NOT TO SUE AND TO HOLD
## HARMLESS PURSUANT TO DOCUMENT PRODUCTION

Pursuant to the covenant not to sue between the parties, Attorney Erik H. Langeland, PC and Erik H. Langeland Timothy J. Touhy, Daniel K. Touhy, individually and as authorized representatives of Touhy & Touhy, Ltd. and Touhy & Touhy, Ltd., Langeland has produced the following documents, emails, referral agreements.  Disclosure by Langeland of the following shall operate as a covenant not to sue as to that case or client.  In consideration of Langeland's disclosure and production of documents, Timothy J. Touhy, Daniel K. Touhy, individually and as authorized representatives of Touhy & Touhy, Ltd. and Touhy & Touhy, Ltd. agree and covenant not to sue, institute or cause any action to be brought against and shall hold harmless Erik Langeland, P.C. Erik Langeland or Erik Langeland, P.C. from all other causes of action and claims which may arise from Langeland's disclosure of information and documents.

To my knowledge I have no other documents, emails and am aware of no other cases in which Ryan Stephan or James Zouras received fees while employed by the Touhy firm or which cases were accepted or referred while employed by the Touhy firm:

**Fees disbursed to Ryan Stephan**
**Case**          **Amount**
Steve Ferko    $21,250.00

**Fees disbursed to James Zouras**
**Case**          **Amount**
Steve Ferko    $21,250.00


*Bouthner v Amtrust Mortgage Corporation*.
**Documents: Executed referral agreement dated March 9, 2007, client questionnaire, case file.**

Barowsky v IBM Corporation:  **Executed referral agreement dated _____ and case file.**

Yang v New York Mortgage Corporation: **Executed referral agreement dated _____ and case file.**

Shabazz v Morgan Funding Corporation: **Executed referral agreement dated _____ and case file.**

Referral agreements attached or which exist:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Emails attached or which exist:

_____

_____

_____

_____

_____

_____

_____

Other documents attached or which exist:

_____

_____

_____

_____

_____

_____

_____

_____


_____Date

# EXHIBIT B

**From:** Erik Langeland
**Sent:** Friday, September 14, 2007 5:48 PM
**To:** 'ttouhy@touhylaw.com'; 'dtouhy@touhylaw.com'
**Subject:**

Tim and Dan,

In response to your request, I have had to retain counsel. He has privilege concerns regarding the requests for documents that you have forwarded to me. Notwithstanding, he suggests that I offer to execute a declaration relevant to your requests in order to create closure for my involvement in your dispute with Stephan and Zouras. Attached please find a copy of the declaration and a revised release/covenant not to sue. The declaration encompasses the information and documentation known to me at this time. At your convenience, please confirm that we can exchange the signed declaration for the executed release.

As I mentioned, I am disappointed that what was a successful relationship has now come down to this. I have expressed and continue to express my desire to work with you on cases on which we could all benefit. I hope that we can put this behind us so that we can continue working together in a positive manner.

Sincerely,

Erik H. Langeland
500 Fifth Avenue, Suite 1610
New York, NY 10110
(212) 354-6270
(212) 898-9086 (Fax)
Erik.H.Langeland@rcn.com

## <u>RELEASE AND COVENANT NOT TO SUE</u>

THE RELEASE AND COVENANT NOT TO SUE (the "RELEASE") is made and entered into this ___ day of September, 2007 by and between Timothy J. Touhy, Daniel K. Touhy, individually and as authorized representatives of Touhy & Touhy, Ltd. and Touhy & Touhy, Ltd. (collectively, "Touhy") and Erik Langeland, and/or Erik Langeland, P.C., and his and/or their successors, assigns, subsidiaries, affiliates, directors, officers, representatives, and agents (collectively, "Langeland").  Touhy and Langeland collectively hereinafter may be referred to as the Parties.

### RECITALS

1.  Touhy for good and valuable consideration, hereby completely and fully RELEASE and agree and COVENANT NOT TO SUE, institute or cause any action to be brought against, and shall hold harmless Langeland, whether in contract, tort, contribution, indemnity or otherwise, whether for injuries to person, property, or losses, or damages of any kind including legal expenses and fees incurred by anyone, and whether for injuries to person, property, or losses or damages of any kind presently existing any claims, known or unknown, arising out of any matter or dispute, including matters or disputes involving Touhy, Ryan Stephan, James Zouras, Stephan Zouras, LLP,  and/or Steven Ferko.

2.  The attached Declaration by Langeland shall operate as the consideration for this full and complete RELEASE.

3.  Any term of this Agreement may be amended or waived only with the written consent of each of the Parties hereto.

4.  This Agreement shall be subject to the substantive laws (without regard to the conflicts of laws provision) of the State of New York. The Parties hereby consent to the personal jurisdiction

of any state or federal court within New York, and the Parties also hereby waive any rights they may have to challenge the assertion of personal jurisdiction over them by a court in that forum.

5.  The Parties agree that neither the existence of this Agreement nor anything contained in this Agreement shall constitute an admission of any liability on the part of the any party; any and all such liability is expressly denied.

6.  This Agreement may be executed in counterparts, each of which shall be deemed an original but both of which together shall constitute one and the same instrument.

7.  This RELEASE embodies the entirety of the agreement between the Parties and is entirely voluntary and represents the entire agreement between the Parties.  The Parties acknowledge they have read this agreement and carefully reviewed each provision.  The Parties further acknowledge that they understand and voluntarily accept each and every term and condition of this agreement.

_____        Dated:


_____        Dated:


_____        Dated:

## DECLARATION

1.  I, Erik Langeland, acknowledge that Ryan F. Stephan has received $20358.08 from my law firm as fees on the Steven Ferko case which funds were disbursed to Ryan Stephan from my law firm's account.

2.  I, Erik Langeland, acknowledge that James Zouras has received $20,358.08 from my law firm as fees on the Steven Ferko case which funds were disbursed to James B. Zouras from my law firm's account.

3.  I was not involved in any misconduct in connection with the Ferko case.  Other than the payments in paragraphs 1. and 2. above, I have not made any payments to Ryan Stephan or James Zouras for any reason.  I have no knowledge of any other attorneys' fees or monies, given to or received by Ryan Stephan or James Zouras from attorneys other than Touhy & Touhy, Ltd.

4.  I acknowledge that the amounts referenced in 1. and 2. above were paid by checks issued from my firm's trust account. 5. I acknowledge that the attached March 9, 2007 Agreement (exhibit A), is a true, correct and accurate copy of the referral agreement for Bouthner et al. v. Amtrust Mortgage, et al.

6.  I acknowledge that the attached draft Agreement in Barowsky, Yang and Shabazz (exhibit B) is a true, correct and accurate copy of a draft Agreement contemplated between myself and Ryan Stephan and James Zouras.  This agreement was not executed.

7.  No executed Agreement presently exists between myself, Ryan Stephan, James Zouras or our successors, assigns, subsidiaries, affiliates, directors, officers, representatives, and/or agents on the Barowsky, Yang and Shabazz matters.

**EXHIBIT C**

THOMAS G. CRONIN
TCRONIN@GORDONREES.COM
DIRECT DIAL: (312) 980-6770

# GORDON & REES LLP

ATTORNEYS AT LAW
ONE NORTH FRANKLIN
SUITE 1800
CHICAGO, ILLINOIS 60606
PHONE: (312) 565-1400
FAX: (312) 565-6511
WWW.GORDONREES.COM

September 5, 2008

**VIA ELECTRONIC MAIL**

E. Steven Yonover, Esq.
Attorney at Law
55 West Wacker Drive
Suite 1400
Chicago, Illinois 60601

Re:    Touhy & Touhy, Ltd. v. Eric Langeland, et al.
       Case No.  08 CV 2950

Dear Mr. Yonover:

This letter responds to your correspondence of August 27, 2008 regarding the above matter.  Initially, we note that Mr. Langeland addressed the *Ferko* payments and alleged written agreement with Stephan and Zouras for *Barowsky*, *Yang* and *Shabazz* **last year**.  As noted in the attached draft declaration provided to the Touhys on September 13, 2007, there is no agreement with Stephan, Zouras, or StephanZouras LLP regarding *Barowsky*, *Yang* and *Shabazz*.[1]  In this connection, the clients chose to be represented by Langeland (not Touhy & Touhy or StephanZouras LLP), Langeland did not contract with Touhy & Touhy or StephanZouras LLP as co-counsel for these cases, and Langeland has handled all substantive legal work in the cases. Therefore, no portion of any settlement or fee award in *Barowsky*, *Yang* and *Shabazz* will be paid to Stephan, Zouras, StephanZouras LLP, or Touhy & Touhy.

Next, and relevant to the above matters, Mr. Langeland must reject any request for attorney-client communications or confidential settlement documentation where Touhy & Touhy is not counsel in the litigation.  As you can imagine, Langeland can not voluntarily provide fee agreements or settlement amounts to the Touhys without breaching ethical duties to his clients and/or contractual provisions with opposing parties.  Further, your request that Mr. Langeland "identify the cases and clients in which he has referral or fee agreements with Stephan and Zouras or other attorneys" is wholly irrelevant to any dispute with the Touhys (and well outside the scope of discovery identified in the Motion for Disclosure of Limited Discovery under Rule 12(b)(1)).

---

[1] Your assertion that these cases are identified on the StephanZouras LLP website is incorrect.

CALIFORNIA ♦ NEW YORK ♦ TEXAS ♦ ILLINOIS ♦ NEVADA
ARIZONA ♦ COLORADO ♦ WASHINGTON ♦ OREGON ♦ NEW JERSEY

E. Steven Yonover
September 5, 2008
Page 2

Finally, the indispensable party issue in this matter is yours to address. Accordingly, you are free to contact counsel for StephanZouras to determine whether they would be amenable to joining the federal action. However, if and until they are parties to the litigation, Mr. Langeland will continue to argue for the dismissal of this action.

In light of the above, Langeland has no choice but to file an opposition brief to your Motion for Disclosure of Limited Discovery under Rule 12(b)(1). With respect to resolution, Langeland would agree to be deposed in Chicago in exchange for a full release with prejudice from the Touhys.

Sincerely,

GORDON & REES LLP

Thomas G. Cronin

TGC:dy

cc:    Kimberly E. Rients Blair

## RELEASE AND COVENANT NOT TO SUE

THE RELEASE AND COVENANT NOT TO SUE (the "RELEASE") is made and entered into this ___ day of September, 2008 by and between Timothy J. Touhy, Daniel K. Touhy, individually and as authorized representatives of Touhy & Touhy, Ltd. and Touhy & Touhy, Ltd. (collectively, "Touhy") and Erik Langeland, and/or Erik Langeland, P.C., and his and/or their successors, assigns, subsidiaries, affiliates, directors, officers, representatives, and agents (collectively, "Langeland"). Touhy and Langeland collectively hereinafter may be referred to as the Parties.

### RECITALS

1. Touhy for good and valuable consideration, hereby completely and fully RELEASE and agree and COVENANT NOT TO SUE, institute or cause any action to be brought against, and shall hold harmless Langeland, whether in contract, tort, contribution, indemnity or otherwise, whether for injuries to person, property, or losses, or damages of any kind including legal expenses and fees incurred by anyone, and whether for injuries to person, property, or losses or damages of any kind presently existing any claims, known or unknown, arising out of any matter or dispute, including matters or disputes involving Touhy, Ryan Stephan, James Zouras, Stephan Zouras, LLP, and/or Steven Ferko.

2. The attached Declaration by Langeland shall operate as the consideration for this full and complete RELEASE.

3. Any term of this Agreement may be amended or waived only with the written consent of each of the Parties hereto.

4. This Agreement shall be subject to the substantive laws (without regard to the conflicts of laws provision) of the State of New York. The Parties hereby consent to the personal jurisdiction

of any state or federal court within New York, and the Parties also hereby waive any rights they may have to challenge the assertion of personal jurisdiction over them by a court in that forum.

5.   The Parties agree that neither the existence of this Agreement nor anything contained in this Agreement shall constitute an admission of any liability on the part of the any party; any and all such liability is expressly denied.

6.   This Agreement may be executed in counterparts, each of which shall be deemed an original but both of which together shall constitute one and the same instrument.

7.   This RELEASE embodies the entirety of the agreement between the Parties and is entirely voluntary and represents the entire agreement between the Parties.   The Parties acknowledge they have read this agreement and carefully reviewed each provision.   The Parties further acknowledge that they understand and voluntarily accept each and every term and condition of this agreement.


_____          Dated:


_____          Dated:


_____          Dated:

DECLARATION

1.  I, Erik Langeland, acknowledge that Ryan F. Stephan has received $20358.08 from my law firm as fees on the Steven Ferko case which funds were disbursed to Ryan Stephan from my law firm's account.

2.  I, Erik Langeland, acknowledge that James Zouras has received $20,358.08 from my law firm as fees on the Steven Ferko case which funds were disbursed to James B. Zouras from my law firm's account.

3.  I was not involved in any misconduct in connection with the Ferko case.  Other than the payments in paragraphs 1. and 2. above, I have not made any payments to Ryan Stephan or James Zouras for any reason.  I have no knowledge of any other attorneys' fees or monies, given to or received by Ryan Stephan or James Zouras from attorneys other than Touhy & Touhy, Ltd.

4.  I acknowledge that the amounts referenced in 1. and 2. above were paid by checks issued from my firm's trust account. 5. I acknowledge that the attached March 9, 2007 Agreement (exhibit A), is a true, correct and accurate copy of the referral agreement for Bouthner et al. v. Amtrust Mortgage, et al.

6.  I acknowledge that the attached draft Agreement in Barowsky, Yang and Shabazz (exhibit B) is a true, correct and accurate copy of a draft Agreement contemplated between myself and Ryan Stephan and James Zouras.  This agreement was not executed.

7.  No executed Agreement presently exists between myself, Ryan Stephan, James Zouras or our successors, assigns, subsidiaries, affiliates, directors, officers, representatives, and/or agents on the Barowsky, Yang and Shabazz matters.

**EXHIBIT D**

# E. Steven Yonover
## Attorney at Law

**55 West Wacker Drive**

**Suite 1400**

**1416 Techny Road**

**Northbrook, Illinois 60062**

**Chicago, Illinois 60601**
**(312) 236-9493**

**(847) 205-0022**

**Fax (847) 272-1010**

**steveyonover@aol.com**

August 26, 2008

Kimberly E. Rients Blair
Gordon and Rees, LLP
One North Franklin
Suite 1800
Chicago, Illinois 60606

RE:     *Touhy & Touhy, Ltd. v. Langeland*, No. 08-cv-2950

Dear Ms. Blair:

I would prefer to resolve these issues by agreement rather than briefing them and engaging in formal discovery. I think you understand why the plaintiff needs the information requested in our proposed discovery. It seems that Mr. Langeland knows more about the cases *Yang et al v. New York Mortgage Company*, Steven Ferko, *Bouthner et al v. Amtrust*, *Shabazz v Morgan Funding* and *Borowsky v. IBM* than we do. We need to identify the cases in which Mr. Langeland is involved, how much money he has received to date and the amount he expects to receive from pending cases in the future. Some of these cases can be identified by going on the Stephanzouras website, which prominently displays Mr. Langeland as co-counsel. Since *Borowsky* was settled in March 2008 pursuant to a confidentiality agreement we are not privy to the amount of money he received in that case. Mr. Langeland did not mention *Shabazz* or *Borowsky* in his affidavit. The plaintiff's investigation also demonstrates that Steven Yang made an inquiry to the Touhy firm e-mail address. The timeline which is attached is self-explanatory.

Some of this information is already known by my client, whose investigation has disclosed that Mr. Langeland, Stephan and Zouras had reached an agreement to divide fees on Touhy firm cases in 2006. The Touhy firm believes there is incontrovertible proof on this issue, some of which I am attaching to this correspondence. One document, which was retrieved from the defendants' Touhy firm desktop computers, is a draft contract providing for a three-way division of fees among Langeland, Stephan and Zouras. That document describes some of the cases subject to their agreement, as do the e-mails which they were exchanging, copies of which are also attached.

Page two
August 26, 2008
Kimberly E. Rients Blair

If you are agreeable to providing us the information we requested in our written discovery on an informal basis, perhaps this disclosure can then allow us to reach a stipulation on undisputed issues and avoid further briefing.  Based upon Mr. Langeland's response to our memorandum, it appears that he may not have known the full story on these cases nor the amount of attorney's fees they were generating.  As Mr. Langeland seems to contend that he did not receive these attorneys fees, but Stephan and Zouras did, we would agree to the issuance of a document subpoena for their bank records reflecting the amount of money that they received from these cases provided that Mr. Langeland discloses informally the amount of money he received and the amount of money passed on to other attorneys.  Simply inform us my letter how much Mr. Langeland has received in Borowsky and identify the cases and clients in which he has referral or fee agreements with Stephan and Zouras or other attorneys.   Disputes can be presented to the court. I have attached this proposal for your review.  I will be forwarding you by fax or e-mail a copy executed by me.  If you have any modifications to this agreement please contact me by e-mail, fax or telephone.

Last week Judge Pantle denied the defendants' motion to dismiss the plaintiff's Federal Computer Fraud and Abuse Act count, which provides a basis for jurisdiction over Stephan and Zouras as a result of the existence of a federal question.  There is also the possibility that Stephan and Zouras may decide to remove the state court action to federal court. Perhaps it would be worthwhile for one of us to contact counsel for StephanZouras to determine whether they would be amenable to joining the federal action, which would expedite this matter

We previously discussed meeting informally for the purpose of obtaining full disclosure and exploring the possibility of resolving this litigation.  That suggestion has not been pursued, but is still something that I am willing to discuss. Please advise me of your position by email or contact me on my cell phone at 312.205.8090 or my suburban office at 847-205.0022.

Very truly yours,

E. Steven Yonover

Encl.
Blair.082708