IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOUHY & TOUHY, Ltd., ) <br> a professional corporation, ) <br> ) <br>       Plaintiff, ) <br> ) <br>       v. ) <br> ) <br> ERIK H. LANGELAND and ERIK H. ) <br> LANGELAND, P.C., a professional corporation, ) <br> ) <br>       Defendants. ) | Case No. 08 C 2950 |

ERIK H. LANGELAND and ERIK H. )
LANGELAND, P.C., a professional corporation, )
      )
      Counter-Plaintiffs/Defendants, )
      )
      v. )
      )
TOUHY & TOUHY, Ltd., a professional )
corporation, DANIEL K. TOUHY, individually, )
and TIMOTHY J. TOUHY, individually, )
      )
      Counter-Defendants/Plaintiff. )

TOUHY & TOUHY, Ltd., )
a professional corporation, )
      )
      Third-Party Plaintiff/ )
        Counter-Defendant, )
      )
      v. )
      )
RYAN F. STEPHAN, JAMES B. ZOURAS, )
and STEPHAN ZOURAS, LLP, an Illinois )
Limited Liability Partnership, )
      )
      Third-Party Defendants. )

<u>MEMORANDUM OPINION AND ORDER</u>

JAMES F. HOLDERMAN, Chief Judge:

Pending before the court is a "Motion to Dismiss or Alternatively to Stay" filed by third-party defendants Ryan F. Stephan, James B. Zouras, and Stephan Zouras, LLP. (Dkt. No. 87.) For the reasons stated below, this motion is granted and the Third-Party Complaint is dismissed for lack of subject matter jurisdiction.

BACKGROUND

In its Amended Complaint (Dkt. No. 15), plaintiff law firm Touhy & Touhy, Ltd. ("the Touhy firm") alleges that defendant attorney Erik H. Langeland and his firm, Erik H. Langeland, P.C. (collectively "Langeland"), are liable under Illinois law for damages incurred when Langeland unlawfully recruited the Touhy firm's clients and prospective clients, represented these clients, and retained attorney's fees that rightfully belong to the Touhy firm.

Langeland has denied these allegations and has filed a number of counterclaims against the Touhy firm and its principals, Timothy J. Touhy and Daniel K. Touhy (collectively "Counter-Defendants") under Illinois law. (Dkt. No. 60.) Specifically, Langeland alleges that the Counter-Defendants breached co-counsel agreements with Langeland to divide attorney's fees with Langeland in four different cases: the Chabrier case, the Bochicchio case, the Sammarone case, and the Birns case. Additionally, Langeland has alleged counterclaims for conversion/fraudulent conversion in the Chabrier and Bochicchio cases; breach of fiduciary duty in the Chabrier, Bochicchio, and Sammarone cases; and tortious interference with prospective economic advantage in the Chabrier case.

After reviewing Langeland's counterclaims, the Touhy firm has filed a Third-Party

Complaint against Ryan F. Stephan, James B. Zouras, and their law firm Stephan Zouras, LLP (collectively "Third-Party Defendants"). It is the Touhy firm's contention that "as a direct and proximate result of the fiduciary breaches and acts of the third-party defendants Stephan and Zouras, the Touhy firm may be subject to damages arising from breach of contract and conversion arising out of the representation of the plaintiffs in Chabrier, Bochicchio, Birns and Sammarone, as set forth in Langeland['s] counterclaim, to which the Touhy firm is entitled to indemnity from Stephan Zouras." (Third-Party Compl. ¶ 6.) In addition to its indemnity claim against the Third-Party Defendants, the Touhy firm also alleges that the Third-Party Defendants violated the Electronic Communications Privacy Act, 18 U.S.C. §§ 2511, *et seq.* and/or the Stored Wire and Electronic Communications and Transactional Records Access Act, 18 U.S.C. §§ 2701, *et seq.* (Count II), and the Illinois Computer Tampering Act, 720 ILCS 5/16D-3 (Count III).

Now pending before the court is the Third-Party Defendants' "Motion to Dismiss or Alternatively to Stay" the claims asserted against them in the Third-Party Complaint. (Dkt. No. 87.) The Third-Party Defendants argue that this court does not have jurisdiction over the claims asserted in the Third-Party Complaint, that the indemnity claim should be dismissed for failure to state a cause of action, and, in the alternative, that the federal action should be stayed in light of ongoing proceedings initiated by the Touhy firm against the Third-Party Defendants in state court. (Case No. 2007-CH-13552.) Because this court does not have subject matter jurisdiction over the claims asserted in the Touhy firm's Third-Party Complaint, the Third-Party Defendants' motion is granted.

## ANALYSIS

The court's jurisdiction over the Touhy firm's original claims and Langeland's counterclaims is firmly established under 28 U.S.C. § 1332, as the parties are diverse and the amount in controversy exceeds $75,000. Rule 14 of the Federal Rules of Civil Procedure further allows "a defending party" to join through impleader "a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Rule 14 specifically recognizes that the "defending party" in this scenario can be the same entity as the original plaintiff in the lawsuit. *See* Fed. R. Civ. P. 14(b) ("[w]hen a claim is asserted against a plaintiff, the plaintiff may bring in a third party if this rule would allow a defendant to do so"). However, the Federal Rules of Civil Procedure do not by themselves "extend or limit the jurisdiction of the district courts." Fed. R. Civ. P. 82; *see also Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 370 (1978) ("it is axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction"). The court must therefore determine whether it has subject matter jurisdiction over the Third-Party Claims asserted by the Touhy firm.

The court begins its analysis with the indemnity claim, for without this claim the Touhy firm has no basis for bringing the Third-Party Defendants into the case under Rule 14. The Touhy firm's indemnity claim is based on state law theories of agency. (Resp. at 3 ("[o]ur remedy is to seek indemnity from our unfaithful agents for the contract damages we owe Langeland")). As a state law claim, the court's subject matter jurisdiction can be secured through either 28 U.S.C. § 1332 (diversity of citizenship) or 28 U.S.C. § 1367 (supplemental jurisdiction). It is undisputed that the Touhy firm and the Third-Party Defendants share the same state of citizenship, thus § 1332 cannot supply the statutory grounds for the court's jurisdiction

4

over the indemnity claim.

Usually, when a third-party complaint has been asserted by a defendant in the case, the district court will have supplemental jurisdiction over the claims asserted therein under § 1367(a) because the third-party claims form part of the same case or controversy as the original claims in the case. *See* 28 U.S.C. § 1367(a); *see also Grimes v. Mazda N. Am. Operations*, 355 F.3d 566, 572 (6th Cir. 2004); 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1444 (2d ed. 1990) ("Because defendant's right of action against the third-party under Rule 14 must be based on the same aggregate of facts that constitute plaintiff's claim, it follows that a court having jurisdiction over plaintiff's claim needs no additional jurisdictional ground to determine a third-party claim springing out of the same core of facts."). This same rationale would appear to apply to third-party claims brought by plaintiffs. However, "statutory law as well as the Constitution may limit a federal court's jurisdiction over nonfederal claims," *Owen*, 437 U.S. at 372, and in this case § 1367(b) limits the exercise of supplemental jurisdiction in this context.

Section 1367(b) states:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(b). By its plain language, § 1367(b) appears to preclude the court from exercising supplemental jurisdiction over the Touhy firm's indemnity claim.

Despite the Third-Party Defendants' reliance on § 1367(b) in its motion to dismiss, the

court is disappointed to note that neither party has directed the court to any cases or other authority addressing § 1367(b) in the context of third-party claims asserted by a plaintiff from its position as a counter-defendant/third-party plaintiff. As a matter of policy, the court notes that it is somewhat inclined "to construe [the Touhy firm's] claim as a claim by a defendant against a person made party under Rule 14 rather than a claim by a plaintiff, and thus to allow it to proceed under 28 U.S.C. § 1367(b)." *Guaranteed Sys., Inc. v. Am. Nat'l Can Co.*, 842 F. Supp. 855, 857 (M.D.N.C. 1994) (ultimately declining to adopt this approach); *see* 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1444 (2d ed. 1990) (when a plaintiff impleads a new third-party defendant, "the concerns about the evasion of the complete diversity rule lesson because plaintiff's claim is filed in response to the third-party defendant's claim and thus the authority to allow its assertion may be tied to traditional notions of protecting defending parties") (predating the enactment of § 1367(b)). Nevertheless, the court finds that the plain language of § 1367(b) precludes this result. *Accord Chase Manhattan Bank, N.A. v. Aldridge*, 906 F. Supp. 866, 869 (S.D.N.Y. 1995); *Guaranteed Sys., Inc.*, 842 F. Supp. at 857-58*; see also Gulf S. Med. & Surgical Inst., Inc. v. James River Ins. Co.*, No. 06-3474, 2007 WL 1029490, at *2 (E.D. La. Mar. 29, 2007) (finding no supplemental jurisdiction over third-party claims brought by original plaintiff against non-diverse third party); *Carolina Asphalt Paving, Inc. v. Balfour Beatty Constr., Inc.*, 225 F.R.D. 522, 525 (D.S.C. 2004) (same).

Although the Seventh Circuit has not addressed this question directly, dicta from several Seventh Circuit cases supports this conclusion. *See Aurora Loan Servs., Inc. v. Craddieth*, 442 F.3d 1018, 1025 (7th Cir. 2006) ("Section 1367(b) reflects Congress' intent to prevent original

6

plaintiffs . . . from circumventing the requirements of diversity.") (emphasis and internal quotations omitted); *Matter of Florida Wire & Cable Co.*, 102 F.3d 866, 867 (7th Cir. 1996) (Section 1367(b) "denies supplemental jurisdiction over claims by plaintiffs against persons made parties under Fed. R. Civ. P. 14 (among other rules) when the original claim was brought under § 1332 and exercising jurisdiction would destroy complete diversity"); *Stromberg Metal Works, Inc. v. Press Mech., Inc.*, 77 F.3d 928, 931 (7th Cir. 1996) (noting that § 1367(b) limits the court's supplemental jurisdiction "in defined circumstances"). Likewise, leading legal treatises on the subject arrive at the same result. 3 James William Moore, et al., MOORE'S FEDERAL PRACTICE § 14.41[4][d][ii] (3d ed. 2008) ("on its face, the supplemental jurisdiction statute appears to preclude supplemental jurisdiction" in this particular context, although this "unfortunate result seems dictated by the poor drafting of the statute"); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1444 (2d ed. Supp. 2008) (Section 1367(b) "would appear to preclude supplemental jurisdiction over a plaintiff's claim whether it is a new third-party claim being asserted under Rule 14(b) or it is being asserted in response to a claim by the third-party defendant").

This conclusion is also consistent with Supreme Court precedent. As the Supreme Court explained in *Owen*,

> A plaintiff cannot complain if ancillary jurisdiction does not encompass all of his possible claims in a case such as this one, since it is he who has chosen the federal rather than the state forum and must accept its limitations. "[T]he efficiency plaintiff seeks so avidly is available without question in the state courts."
>
> * * *
>
> But neither the convenience of the litigants nor considerations of judicial economy can suffice to justify extension of the doctrine of ancillary jurisdiction to a plaintiff's cause of action against a citizen of the same State in a diversity case. Congress has

7

> established the basic rule that diversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship. "The policy of the statute calls for its strict construction."

*Owen*, 437 U.S. at 377 (citations omitted). A strict construction of § 1367(b) dictates that this court does not have supplemental jurisdiction over the Touhy firm's third-party indemnity claim in this case.

Additionally, the court notes that it does not have any procedural means of addressing Counts II and III of the Third-Party Complaint. "It is well established that a properly impleaded claim may serve as an anchor for separate and independent claims under Rule 18(a)." *Price v. CTB, Inc.*, 168 F. Supp. 2d 1299, 1302 (M.D. Ala. 2001). There is no such anchor for Counts II and III of the Third-Party Complaint, because the Touhy firm's indemnity claim was never properly established in the first place. With no indemnity claim pending against the Third-Party Defendants, the Third-Party Defendants cannot properly be joined under Rule 14. Accordingly, the Third-Party Complaint is dismissed in its entirety and the Third-Party Defendants are dismissed from this lawsuit.

## CONCLUSION

For the reasons stated above, Third-Party Defendants' "Motion to Dismiss or Alternatively to Stay" (Dkt. No. 87) is granted and the Touhy firm's Third-Party Complaint is dismissed for lack of subject matter jurisdiction. Third-Party Defendants are dismissed from this lawsuit and the case caption shall be amended accordingly. Third-Party Defendants' "Motion for Protective Order" (Dkt. No. 92) is denied as moot. This federal case, Case No. 08 C 2950, and the case pending in the Circuit Court of Cook County, Case No. 2007-CH-13552, over which Circuit Judge Kathleen M. Pantle is presiding, remain set for a joint status report and discovery

coordination conference at 8:30 a.m. on 2/4/2009 in courtroom 2541 of the Dirksen U.S. Courthouse.

ENTER:

_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: February 2, 2009